## S95A1005. STEWART v. THE STATE.

(463 SE2d 493)

HINES, Justice.

Willie James Stewart was convicted of the malice murder of his girl friend, Matrice Clayton, and sentenced to life imprisonment. At trial, the court permitted the State to present evidence that Stewart threatened to kill the victim four days prior to her death. It did so in the face of Stewart's objection that Uniform Superior Court Rule 31.3 (B) required that a pre-trial hearing be held. On the appeal of Stewart's conviction, this Court remanded the case to the trial court to conduct a post-trial hearing to determine whether the State's evidence of Stewart's alleged threat against the victim comported with the standards set forth in *Maxwell v. State*, 262 Ga. 73, 74 (2) (b) (414 SE2d 470) (1992). See *Stewart v. State*, 263 Ga. 843, 844 (1) (440 SE2d 452) (1994). Following the hearing, the trial court found that evidence of the threat was admissible under *Maxwell* and concluded that a new trial was not warranted. We affirm the trial court's determination.[1]

The State was required to make three affirmative showings. *Maxwell* at 75 (2) (b). First, the evidence had to be admitted for an appropriate purpose. Second, it had to be established that Stewart made

---

[1] The sole issue on remand and the only question in this appeal is the admissibility of the evidence. Stewart's complaints of violation of the notice and hearing requirements of the Uniform Superior Court Rules and of the efficacy of a post-trial *Maxwell* proceeding were considered and decided in his prior appeal. *Stewart* at 844 (1).

the threat. Finally, there had to be sufficient connection between the threat and the murder so that proof of the threat tended to prove the murder. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

The State sought admission of the prior difficulty expressly for the purpose of establishing Stewart's state of mind of malice in the killing, which is a recognized exception to the general rule of inadmissibility of the character of the accused. *Williams*, supra at 642, n. 2, citing *Cawthon v. State*, 119 Ga. 395, 409 (46 SE 897) (1904). In order to do this, the State tendered into evidence the transcript of the trial. The court examined it and noted the testimony of three witnesses, including a police officer, regarding the incident. The witnesses collectively reported that on the Sunday preceding the victim's death, Stewart approached the victim while she was with some friends and the two began to argue. The argument continued after they reached the home of one of the victim's friends. The dispute stemmed from Stewart's opposition to the victim's attempt to end the relationship with him and to see others. Stewart told the victim, "Bitch, I'm going to kill you." The victim summoned police to the scene.

The witnesses' testimony established without contradiction the fact that Stewart threatened the victim shortly before her death. It also established the probative value of the evidence. The significant connection between this prior conduct and the crime is inescapable. Stewart threatened to do precisely what he did — murder the victim. Moreover, as the trial court noted, the threat was made under circumstances similar to those surrounding the murder. The night the victim was killed, she had been out to nightclubs with others and Stewart angrily opposed her going.

The evidence was admissible, and Stewart is not entitled to a new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 13, 1995 —
RECONSIDERATION DENIED DECEMBER 4, 1995.

*Gilbert J. Murrah, Ronnie J. Lane,* for appellant.
*J. Brown Moseley, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellee.