## S96A1913. SPEARMAN v. THE STATE.
(481 SE2d 814)

HINES, Justice.

Robert L. Spearman was convicted of malice murder and possession of a firearm during the commission of aggravated assault in connection with the fatal shooting of William Summerlin. We affirm Spearman's convictions.[1]

The evidence, viewed in favor of the verdict, revealed that on July 30, 1992, Spearman confronted Summerlin, his neighbor, about grass that was being blown onto his property by Summerlin's mower. During the confrontation, Spearman pulled out a large handgun, struck Summerlin on the head with it and shot him. Spearman then drove away in his car. The first officer arriving at the scene testified that Summerlin was lying on the ground, between the two properties, and was suffering from a cut on his head and a gunshot wound. Summerlin had a loaded pistol in his pocket. Spearman was apprehended a short time later, and stated that "the victim had blown grass onto his driveway while cutting his lawn, that he couldn't take it anymore, that God took over and then he shot him." Summerlin died approximately 90 days later, due to complications from the gunshot wound.

---

[1] The crimes were committed on July 30, 1992. Spearman was indicted for malice murder, felony murder while in the commission of aggravated assault, aggravated assault, and possession of a firearm during the commission of aggravated assault on January 19, 1993. He was tried before a jury on August 9-13, 1993 and found guilty of all charges. On August 13, 1993, Spearman was sentenced to life imprisonment for the malice murder and five concurrent years of incarceration for the possession of firearm charge. The aggravated assault merged into the malice murder conviction, and the felony murder stood vacated by operation of law, OCGA § 16-1-7. His motion for new trial was filed September 13, 1993, and denied on April 26, 1996. The notice of appeal was filed on May 24, 1996, and the appeal was docketed with this Court on August 27, 1996. The case was submitted for decision without oral argument on January 30, 1997.

1. The evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Spearman did not act with provocation or justification in shooting Summerlin and that he was guilty of the malice murder of Summerlin and possession of a firearm during commission of the aggravated assault of Summerlin. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Spearman contends that the trial court erred in allowing Lonnie Malcolm, chairman of the neighborhood planning unit, to offer testimony regarding a prior conflict between the victim and Spearman, and in allowing the State to play a tape-recorded statement by the victim recounting the difficulty. He argues that the earlier conflict was remote and improperly placed his character in issue.

At trial, Malcolm testified that Summerlin appeared before the neighborhood planning meeting on June 18, 1991, and stated that he had erected a wall between his property and Spearman's because Spearman had waived a shotgun at him and threatened to kill him if he ever again talked with a member of Spearman's family. The statement was recorded on tape and played for the jury. Such testimony is generally admissible to show the defendant's motive, intent or bent of mind toward the victim. See *Stewart v. State*, 266 Ga. 1 (463 SE2d 493) (1995); *Cooper v. State*, 256 Ga. 234 (1) (347 SE2d 553) (1986); and *Faircloth v. State*, 253 Ga. 67 (1) (316 SE2d 457) (1984). Here, the testimony was offered for such an appropriate purpose, particularly in light of Spearman's claim that the shooting was in self-defense. See *Cooper v. State*, 256 Ga. at 234 (1). The lapse of 18 months between the crimes on trial and the prior conflict did not render the evidence inadmissible as a matter of law. *Rich v. State*, 254 Ga. 11, 14 (1) (325 SE2d 761) (1985).

3. Spearman further argues that the testimony about the prior conflict was inadmissible hearsay. Assuming that the testimony was hearsay, and not shown to be admissible out of necessity, OCGA § 24-3-1 (b), its admission was harmless. Malcolm testified, without objection, that based on his investigation Spearman had a deep hatred of Summerlin because Spearman's family admired Summerlin and Spearman felt that Summerlin was trying to become a leader in the community. Considering the overwhelming evidence of guilt and the cumulative nature of the testimony, it was highly probable that its admission did not contribute to the judgments of guilt. *Faircloth v. State*, 253 Ga. at 69 (3); *Glass v. State*, 235 Ga. 17, 19 (2) (218 SE2d 776) (1975).

4. The record shows that the trial court gave sufficient instructions to the jury on the proper use of the evidence of the history between the parties. Moreover, in the absence of any request for contemporaneous or additional limiting instruction, there was no error. *Thomas v. State*, 199 Ga. App. 49, 50-51 (4) (404 SE2d 315) (1991).

5. Spearman contends that the trial court improperly charged on reasonable doubt, reducing the prosecution's burden of proof. That is not so. Jury instructions must be read and considered as a whole when determining whether the charge was correct. *Hambrick v. State*, 256 Ga. 688, 689 (3) (353 SE2d 177) (1987). Here, a complete review of the trial court's charge shows that the trial court correctly instructed on the State's burden of proof beyond a reasonable doubt and repeatedly told the jury that the defendant had no burden whatsoever. See *Wellons v. State*, 266 Ga. 77, 88 (17) (463 SE2d 868) (1995).

6. Any error in allowing the medical examiner to offer hearsay testimony as to a statement made by the examining physician concerning the fact that Summerlin "had been pistol whipped," was without harm to Spearman. Competent evidence was presented at trial showing that Summerlin had a cut on his head and that Spearman had caused it with a pistol. See *Faircloth v. State*, 253 Ga. at 69 (3); and *Glass v. State*, 235 Ga. at 19 (2).

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 10, 1997.

*Megan C. DeVorsey*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Kirby Clements, Assistant District Attorneys, Michael J. Bowers, Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.