A98A1182, A98A1244. KINNEY v. THE STATE (two cases).
(506 SE2d 441)

SMITH, Judge.

This is appellant Bruce Michael Kinney's third appearance before this Court. In an earlier unpublished opinion, we affirmed Kinney's 1994 conviction for violating a protective order by following his estranged wife. *Kinney v. State*, 218 Ga. App. XXXII (1995).

Later, Kinney was indicted by a Clayton County grand jury for aggravated assault, aggravated battery, and four counts of aggravated stalking arising out of the shooting of his estranged wife in January 1995. In *Kinney v. State*, 223 Ga. App. 418 (477 SE2d 843) (1996), this Court found that prosecution of two of the four aggravated stalking counts was barred by Kinney's previous conviction for violating the protective order. The case now returns to this Court after a jury trial and Kinney's conviction on one count each of aggravated assault, aggravated battery, and aggravated stalking.[1] Kinney's motion for new trial as amended was denied, and he appeals.[2] Finding no error, we affirm.

1. Kinney enumerates the general grounds. His estranged wife positively identified him at trial as the man who entered her place of work and shot her in the face at close range. This alone is sufficient to convict. *Perryman v. State*, 208 Ga. App. 754, 755 (1) (431 SE2d 742) (1993). Kinney asserted a defense of alibi, but the State presented evidence controverting that defense. Kinney offered testimony that he was having a car serviced on the evening in question. In response, the State presented evidence that Kinney's whereabouts were unaccounted for from approximately 5:00 p.m. to 6:40 p.m. and that he had access to a second car he had left at the dealership earlier. Police officers testified they retraced the route between the dealership and the victim's place of work and were able to make the round trip within this time. While Kinney produced a calling card bill showing two long distance calls made from the dealership twenty minutes after the shooting, the receptionist at the car dealership testified that calling card calls cannot be made from the dealership. The State also elicited testimony from a telephone security engineer that the telephone number listed on Kinney's bill did not necessarily reflect the call's place of origin and that it was possible to forward a calling card call through the listed number from a mobile telephone.

Kinney attacks the victim's testimony as inconsistent with her earlier statements to police and others. He also challenges the State's evidence contradicting his alibi. But after the jury's verdict of guilty, Kinney can no longer rely on the presumption of innocence, and this Court cannot weigh evidence or judge the witnesses' credibility. We must construe the evidence to uphold the verdict and determine only whether the evidence was sufficient to enable any rational trier of fact to find Kinney guilty of the crimes charged beyond a reasonable

---

[1] Count 6 of the indictment was quashed on Kinney's demurrer. *Kinney v. State*, supra, 223 Ga. App. at 418.

[2] Two notices of appeal were filed. In Case No. A98A1182, the notice of appeal was filed by Kinney's counsel. In Case No. A98A1244, Kinney filed a pro se notice of appeal. We have consolidated the two appeals for review.

doubt. *Clark v. State*, 197 Ga. App. 318, 320 (1) (398 SE2d 377) (1990). Kinney's alibi defense does not demand an acquittal because the jury was authorized to disbelieve it. *Roberts v. State*, 267 Ga. 669, 671 (1) (482 SE2d 245) (1997). The evidence presented here was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Kinney acknowledges that the trial court gave a limiting instruction on the use of evidence of his prior difficulties with his wife. He nevertheless contends that the trial court erred because it should also have given additional sua sponte instructions at the time the evidence was admitted. But the Supreme Court of this State has already considered and rejected this contention in *Spearman v. State*, 267 Ga. 600 (481 SE2d 814) (1997). In *Spearman*, evidence of an earlier violent confrontation between the defendant and victim was admitted "to show the defendant's motive, intent or bent of mind toward the victim." Id. at 601 (2). The Supreme Court observed that the trial court correctly instructed the jury on the use of evidence of the history between the parties and added that "in the absence of any request for contemporaneous or additional limiting instruction, there was no error. [Cit.]" Id. at 601 (4).

The decisions cited by *Kinney* involve the use of limiting instructions on similar transaction evidence under *Williams v. State*, 261 Ga. 640, 641 (2) (409 SE2d 649) (1991). See, e.g., *Hinson v. State*, 229 Ga. App. 840, 842 (3) (494 SE2d 693) (1997) (cert. granted) ("extrinsic acts or similar crimes evidence"); *Belt v. State*, 227 Ga. App. 425 (489 SE2d 157) (1997) (cert. granted) (no limiting instruction "ever given to the jury" on two prior cocaine sales admitted under *Williams*). "[U]nlike similar transactions, prior difficulties between the parties are not independent acts or occurrences, but are connected acts or occurrences arising from the relationship between the same people involved in the prosecution and are related and connected by such nexus. [Cits.]" *McTaggart v. State*, 225 Ga. App. 359, 366 (2) (483 SE2d 898) (1997).

3. The State provided to Kinney a written notice of its intention to introduce evidence of prior difficulties under Uniform Superior Court Rules 31.1 and 31.3, listing 22 incidents of threats, harassment, stalking, and physical attacks on the victim by Kinney prior to the shooting. Kinney complains that the State's notice of two of these incidents was inadequate. We disagree. USCR 31.3 (B) requires the State to provide "the transaction, date, county, and the name(s) of the victim(s) for each similar transaction or occurrence sought to be introduced." This information was provided for each of the incidents in question. While the date for one transaction was not specific, an exact date is not required. "Since the State did not have a specific date of the similar transaction, it complied with USCR 31.3 by pro-

viding [Kinney] with the information it had. [Cit.]" *Tidwell v. State*, 219 Ga. App. 233, 236 (2) (c) (464 SE2d 834) (1995).

4. In his third enumeration of error, Kinney objects to the admission of an "espionage spy magazine" found in his automobile. His argument that admission of the magazine was error is based solely on the ground that it impermissibly placed his character in evidence. But Kinney never objected at trial on this basis. He therefore has failed to preserve this issue for review and may not raise it for the first time on appeal. *Allison v. State*, 217 Ga. App. 580, 582 (2) (459 SE2d 557) (1995).

5. Kinney next complains that the trial court improperly limited his cross-examination of the victim regarding her bias against him. Georgia law is well established that "[i]t is competent to show that a witness for the State entertained feelings of ill will towards the defendant. However, an investigation of the basis for such feelings of hostility is inadmissible absent a showing that the witness did not harbor ill feelings toward the defendant." (Citations and punctuation omitted.) *Seavers v. State*, 208 Ga. App. 711, 712 (2) (431 SE2d 717) (1993). Here, the State offered to stipulate that the victim was biased against Kinney. Under these circumstances, Kinney was not entitled to cross-examine the victim regarding particular incidents demonstrating her ill will toward him, and the trial court did not err in limiting her cross-examination.

6. Kinney enumerates as error the State's failure to notify him of an oral statement by the victim. But, as Kinney acknowledges, the Supreme Court of Georgia has held that the State has no obligation under OCGA § 17-16-7 to produce an oral statement made by a witness. *Forehand v. State*, 267 Ga. 254, 255-256 (3) (477 SE2d 560) (1996).

7. Kinney also contends that he was denied effective assistance of counsel in several respects. "In analyzing a claim of ineffective assistance of counsel, we note at the outset that a trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. [A defendant] must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel." (Citations and punctuation omitted.) *Williams v. State*, 218 Ga. App. 785, 788 (3) (463 SE2d 372) (1995).

(a) Kinney first contends his counsel was ineffective in failing to move for the suppression of the "spy magazine" and magnetic car key found in the search of his car. But Kinney's trial counsel did file a

motion to suppress; Kinney's complaint appears to be that his trial counsel failed to pursue the motion with sufficient vigor to exclude the evidence of which he complains. Although Kinney acknowledged that the items were discovered pursuant to a search warrant, he contended at trial that the two items were outside the warrant's scope. But Kinney has failed to provide any citation to the record to show that the items seized were outside the scope of the warrant; the warrant itself does not appear in the record.[3] "It is a well-established appellate rule that the burden is on the appellant to show error by the record, and when a portion of the evidence bearing upon the issue raised by the enumeration of error[ ] is not brought up so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result." (Citations and punctuation omitted.) *Ross v. State*, 195 Ga. App. 624, 626 (3) (394 SE2d 418) (1990).

Kinney also contends that his trial counsel was ineffective in failing to move for redaction of parts of the spy magazine. But he has failed to show any factual basis or legal authority for the redaction he urges his counsel should have sought, merely making the conclusory assertion that the remainder of the magazine was irrelevant and prejudicial bad character evidence. The overruling of such a vague and general objection does not constitute reversible error. *Royal v. State*, 217 Ga. App. 459, 460 (2) (458 SE2d 366) (1995).[4] It therefore does not provide a basis for a claim of ineffective assistance.

(b) Kinney's contention that his trial counsel was ineffective in failing to move to strike portions of the victim's testimony because she did not answer some questions on cross-examination is wholly without merit. The cases cited by Kinney involve witnesses who invoked their Fifth Amendment privilege and *refused* to answer questions on the ground that the answers might tend to incriminate them. See *Smith v. State*, 225 Ga. 328, 331 (7) (168 SE2d 587) (1969); *Hays v. State*, 16 Ga. App. 20, 21 (4) (84 SE 497) (1915); see also *Kelly v. State*, 209 Ga. App. 789, 793-794 (434 SE2d 743) (1993). The undisputed evidence in this case showed that the victim suffered brain damage and paralysis as a result of the shooting and an ensuing stroke. She has difficulties with speech, reading, and memory. Her

---

[3] In Kinney's brief, he makes several citations to "R#3072" without any further identification or explanation. This number appears to have been assigned in the trial court to one of Kinney's previous appearances before this Court. Although it is Kinney's obligation, not the Court's, to provide citations to this or any other record, review of both records reveals no search warrant.

[4] The State contends that other portions of the magazine were relevant to show Kinney's access to information on revenge, homicide investigations, shadowing and surveillance, professional killers, and "social engineering," supporting the State's argument that the assault on the victim was planned in advance.

memory lapses were fully explored on cross-examination by Kinney's counsel, and the jury had the opportunity to weigh the evidence and judge the victim's credibility. Kinney has failed to show deficient performance, prejudice to his defense, or a reasonable probability that the outcome would have been different if his counsel had moved to strike this testimony.

(c) Kinney called a telephone security engineer to identify his employer's calling card bills in support of his alibi defense. When Kinney's counsel asked the witness if the bills reflected the originating number of the call, the witness qualified his answer and explained that a number routed through call forwarding would not appear on the bill. On cross-examination, the State elicited further explanation of this part of the witness's testimony on direct. Kinney now contends his counsel was ineffective in failing to object to the cross-examination testimony on the ground that it was improper opinion evidence.[5] In a related matter, Kinney complains that trial counsel was ineffective in agreeing to stipulate to a hypothetical during cross-examination of the telephone security engineer. Such matters as calling a particular witness, questioning on direct and cross-examination, and objecting to testimony are strategic and tactical decisions and "the exclusive province of the lawyer after consultation with the client." (Citation and punctuation omitted.) *Hudson v. State*, 218 Ga. App. 671, 672 (1) (462 SE2d 775) (1995).

(d) Finally, Kinney contends that trial counsel deprived him of his right to testify. The record reflects that Kinney was fully advised of his right to testify, that he consulted with trial counsel, and that he elected not to take the stand. Later in the trial, Kinney asked his counsel if he could testify on surrebuttal and if "the cross-examination would be limited to the scope of direct." Assuming without deciding that this belated inquiry amounted to an expressed wish to testify and that trial counsel should have brought it to the attention of the court, Kinney has failed to show what his testimony would have been. It is therefore impossible to determine if the outcome of the trial was affected. See generally *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 616 (458 SE2d 623) (1995).

In denying Kinney's motion for new trial, the trial court concluded that trial counsel was not ineffective and that there was no reasonable probability the jury would have reached a different verdict. We do not find this conclusion to be clearly erroneous, particularly in view of the victim's testimony positively identifying Kinney as her assailant.

---

[5] Trial counsel made two successful objections barring hearsay testimony and testimony not within the personal knowledge of the witness.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 8, 1998 —
RECONSIDERATION DENIED OCTOBER 16, 1998 — 

*Patricia F. Angeli*, for appellant.
Bruce M. Kinney, *pro se.*
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.