## S98A1219. MURPHY v. THE STATE.

(508 SE2d 399)

BENHAM, Chief Justice.

August Seale was killed when a gun discharged within a foot of his face and he was struck just below the left eye. Appellant Deandre Murphy, a friend of the victim, admitted shooting Seale, but claimed the fatal wound was inflicted accidentally. The jury found appellant guilty of felony murder and aggravated assault, and the trial court sentenced appellant to life imprisonment after merging the aggravated assault into the felony murder conviction.[1]

1. The tenant of the apartment where the shooting occurred testified that he, the victim, and appellant were all good friends and were all in the witness' garage apartment where appellant and the victim played video games, with the loser of the game paying money to the winner. The witness and another occupant of the apartment both testified that the victim was winning money from appellant and that they heard the victim refuse appellant's angry demands to return appellant's money. The apartment tenant saw appellant point a gun at the victim, cock it, and shoot him. The witness testified that appellant was shocked by his act and gave the weapon to the witness who left the apartment to notify police of the shooting. When the witness and police returned, appellant had left the scene and the victim's body had been dragged out of the apartment to a point 75-100 feet away. The evidence was sufficient to authorize a rational trier of fact to conclude that appellant was guilty beyond a reasonable doubt of the felony murder of the victim. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In its case in chief, the State presented evidence of an extrinsic act purportedly committed by appellant. A man who had been

---

[1] The victim was killed in the early morning hours of December 19, 1995, and appellant was arrested on January 10, 1996. The Fulton County grand jury returned an indictment charging appellant with malice murder, felony murder, aggravated assault, and possession of a firearm by a convicted felon on May 3, 1996. Appellant's trial took place on March 17, 1997, and he was sentenced to life imprisonment on March 19. His motion for new trial, filed April 18, 1997, and amended February 5, 1998, was denied February 9, and the notice of appeal was filed February 23. The case was docketed in this Court on April 24, 1998, and submitted for decision on briefs.

shot five days before victim Seale was killed testified that a man he identified as appellant had come up behind him and shot him without provocation while the victim was pumping gas at a local filling station. Appellant presented the testimony of the station attendant who said the assailant was wearing a hood or a mask, and that she had not seen appellant at the station at the time of the shooting. Appellant contends several errors, each purportedly requiring reversal of his conviction, were committed in connection with the admission of the "similar transaction" evidence.

(a) The trial court conducted a hearing pursuant to Uniform Superior Court Rule 31.1 and *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991) and, without articulating that each of the three showings enunciated in *Williams* had been made satisfactorily, authorized the State to present its extrinsic act evidence to the jury. Appellant did not object at trial to the admission of the extrinsic act evidence and, on appeal, contends the trial court erred in admitting the evidence without having made the requisite findings. Appellate consideration of this issue is waived since the trial court held a Rule 31.1 hearing and appellant failed to object at trial to the admission of the extrinsic act evidence on the ground that the trial·court had failed to make the requisite findings. *Willis v. State*, 214 Ga. App. 479 (3) (c) (448 SE2d 223) (1994). See also *Riddle v. State*, 208 Ga. App. 8 (1) (b) (430 SE2d 153) (1993).

(b) Although the trial court instructed the jury at the close of the evidence that the jury's use of the extrinsic act evidence was limited,[2] appellant contends on appeal that the trial court committed reversible error when it failed to instruct the jury sua sponte at the time the extrinsic act evidence was admitted on the limited purpose for which the evidence was admitted. We recently held in *State v. Belt*, 269 Ga. 763 (505 SE2d 1) (1998) that it was not error for a trial court to fail to give without request a limiting instruction on the use of extrinsic act evidence. We reiterated that holding in *State v. Hinson*, 269 Ga. 862 (506 SE2d 870) (1998), a case factually similar to the case at bar in that the defendant complained of the trial court's failure to give without request a contemporaneous limiting instruction even though a limiting instruction was given in the general charge at the close of the evidence. There, we again concluded that it is incumbent upon the defendant to request a limiting instruction, and the

---

[2] We note that the trial court instructed the jury in the charge at the close of the evidence that the jury's use of the extrinsic act evidence was limited. In that charge, the trial court informed the jury that "evidence of similar acts may only be considered by you for the limited purpose of showing malice, motive, intent, lack of mistake or accident, plan or scheme, identity, bent of mind, on the part of the defendant." At the Rule 31.3 hearing, the State proffered the extrinsic act evidence to show appellant's "mental state."

trial court does not commit reversible error in failing to give a contemporaneous limiting instruction sua sponte. Cf. *Spearman v. State*, 267 Ga. 600 (4) (481 SE2d 814) (1997), where we held it was not error for the trial court to fail to give a contemporaneous limiting instruction in the absence of a request where the trial court gave "sufficient instructions" to the jury in the general charge at the close of the evidence on the proper use of evidence of prior difficulties between the victim and the defendant.[3]

(c) Appellant also contends the trial court erred when it failed to inform the jury that the extrinsic act evidence could not be considered in its deliberations until the jury had determined that appellant was the perpetrator of the extrinsic act. Without expressing an opinion on the propriety of the instruction, because appellant did not request such a charge, we cannot declare the trial court's failure to give such a charge as error. See Division 2 (b), supra. To the extent the appellate decisions in *Belt v. State*, 227 Ga. App. 425, 428 (489 SE2d 157) (1997) and *Chisolm v. State*, 231 Ga. App. 835 (2) (500 SE2d 14) (1998), hold that a trial court is required to instruct the jury sua sponte that the jury must decide whether the defendant actually committed the extrinsic act before it could consider it during deliberations, they are overruled.

(d) Appellant also contends that the trial court's limiting instruction at the close of the evidence was error because it did not limit the jury's use of the extrinsic act evidence to the purpose for which the evidence had been admitted. The trial court's charge (see footnote 2, supra) set forth a comprehensive list of permissible uses of the extrinsic act evidence, and did not limit the purpose for which the evidence was to be considered to that set forth at the Rule 31.1 hearing. While we have not previously addressed this issue, the Court of Appeals has done so on several occasions. In *Stephan v. State*, 205 Ga. App. 241 (2) (422 SE2d 25) (1992), where no purpose for the admission of extrinsic act evidence was identified, the Court of Appeals found reversible error when it ruled that "the trial court's articulation of such a comprehensive list of possible purposes did not sufficiently limit the purpose for which the evidence was to be considered by the jury. . . ." More recently, the Court of Appeals noted that "the inclusion of a comprehensive list of possible purposes in a charge is not appropriate. . . ." *Watson v. State*, 230 Ga. App. 79 (5) (495

---

[3] When *Spearman* was decided, prior difficulties between the victim and the defendant were subject to the procedure outlined in Rule 31.3 and *Williams. Maxwell v. State*, 262 Ga. 73 (2) (414 SE2d 470) (1992). While our decision in *Wall v. State*, 269 Ga. 506 (500 SE2d 904) (1998), overruled *Maxwell* to the extent it required a *Williams* hearing and findings before evidence of prior difficulties between the victim and defendant could be admitted, the rationale we applied in *Spearman* is still viable.

SE2d 305) (1998). However, in *McTaggart v. State*, 225 Ga. App. 359 (2) (483 SE2d 898) (1997), overruled on other grounds, *Wall v. State*, 269 Ga. 506 (500 SE2d 904) (1998), the appellate court determined there was no error in giving an overly-broad charge encompassing multiple purposes so long as the trial court had held a Rule 31.3 hearing, had made a determination regarding admissibility, and had given an instruction when the evidence was admitted which limited the jury's consideration of the extrinsic act evidence to legitimate purposes. Likewise, in *McClain v. State*, 220 Ga. App. 474 (5) (469 SE2d 756) (1996), the Court of Appeals ruled that the trial court's instruction which encompassed more than the State's stated purpose for admission was not error because the additional purpose cited in the charge was "permissible." The Court of Appeals has also found no error in a charge authorizing the jury to consider the evidence for more legitimate purposes than that for which it was proffered at the Rule 31.3 hearing when the additional purpose was permissible and relevant to the State's prima facie case. *Livery v. State*, 233 Ga. App. 332 (1) (c) (503 SE2d 914) (1998).

We believe the best approach is that set forth in *Miller v. State*, 219 Ga. App. 284 (3) (b) (464 SE2d 860) (1995), and *Dunbar v. State*, 228 Ga. App. 104 (3) (491 SE2d 166) (1997): a defendant's failure to request an instruction limiting the jury's consideration of extrinsic act evidence to the purpose(s) for which the evidence was admitted at the Rule 31.3 hearing precludes a finding of reversible error in the trial court's failure to limit its instruction sua sponte. Application of that straight-forward standard will eliminate the need for the appellate court, when the defendant did not submit a case-specific limiting instruction, to scour the record in an effort to determine if the additional purposes set forth in the trial court's charge had evidentiary support, were "permissible" purposes, or were related to an issue in the case. Because appellant did not submit a request to charge limiting the jury's consideration of the extrinsic act evidence, the trial court did not err in failing to limit the jury's consideration any more than it did.

(e) Lastly, appellant argues that the trial court impermissibly expressed an opinion to the jury (see OCGA § 17-8-57) that appellant was the perpetrator of the extrinsic act when the court stated, "I charge you that the evidence of the similar acts allegedly committed by the Defendant. . . ." Appellant is mistaken. The trial court's jury instruction did not assume certain things as fact and did not intimate to the jury what the trial court believed the evidence to be; therefore, the contested language does not constitute an impermissible judicial comment on the evidence. *Jones v. State*, 268 Ga. 12 (5) (483 SE2d 871) (1997).

*Judgment affirmed. All the Justices concur.*

Decided October 26, 1998.

*Amanda F. Sandifer,* for appellant.

*Paul L. Howard, District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.