## A03A2069. WHITE v. THE STATE.
### (592 SE2d 920)

BARNES, Judge.

Lamont White was convicted of kidnapping, burglary, battery, and two counts of aggravated assault and sentenced to life without parole plus an additional 61 years, all to be served consecutively. He appeals, contending that his defense counsel was ineffective and that the trial court erred in admitting evidence of a similar transaction. Finding no error, we affirm.

The evidence at trial established that White kicked open his victim's door at 3:00 a.m. and entered her bedroom holding a box cutter. He and the victim, who was seven months pregnant, struggled as he threatened her, choked her, pulled off her underwear, and threw her on the floor. White's hood slipped from his face, and she recognized him as her neighbor's boyfriend. When a puppy wandered in through the unsecured door, White got up and placed a bar stool against the door to hold it closed, then opened his box cutter blade further. The victim thought he was going to kill her, so she ran to the door, began struggling again, and fell halfway through the door on her stomach, screaming for her neighbor. White punched her in the stomach, cut her foot, then punched her in the face and jumped off the balcony.

The victim ran from door to door until someone let her in and called the police. After being interviewed by the police, the victim went to the hospital for treatment of her injuries, where she was kept for half a day and medicated to stop her premature labor contractions. She never returned to the apartment to live because she was too scared, but stayed with her mother until she found another place. White's former girlfriend, the victim's neighbor, testified that White called her the next day and asked if the victim knew it was White who was in her house and had assaulted her.

1. White contends his counsel was ineffective for failing to impeach the victim with evidence of her forgery conviction, and for stipulating that White was in the apartment the morning she was assaulted.

In order to establish a claim of ineffective assistance of counsel, the appellant must show both that counsel's performance was deficient and that a reasonable probability exists that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984).

*Davis v. State*, 221 Ga. App. 131, 133 (3) (470 SE2d 520) (1996).

(a) White's trial counsel testified at the motion for new trial hearing that he did not investigate the victim's background and did not know she was on probation for forgery. If he had known, he said, he would have cross-examined her about it for impeachment purposes. Whether or not that failure establishes that counsel's performance was deficient, White cannot show a reasonable probability that the results would have been different if his lawyer had impeached the victim with her forgery conviction. He impeached her testimony by showing inconsistencies in her testimony regarding whether her door had been broken before, and regarding her state-

ment to the police that she knew White had been drinking earlier. Further, trial counsel conducted a lengthy cross-examination and subsequent direct examination of the victim after the defense recalled her. Considering the wealth of evidence against him, including the victim's testimony, and the testimony of her two neighbors, her mother, and the treating nurse, White has failed to establish that the results of his proceeding would have been different if his lawyer had brought out the victim's forgery conviction.

(b) White asserts his trial counsel was ineffective when he stipulated that a DNA test established that defendant was in the victim's apartment in the early morning hours of the date of the assault. Trial counsel explained at the motion for new trial hearing that he based the stipulation on the defendant's explanation to him that he had been in the victim's apartment drinking off and on during the day, although he had an objection to saying the early morning hours of that day. Trial counsel further testified that his theory of the defense was not mistaken identity, but that White had an illicit relationship with the victim, who "cried rape" because she thought that her boyfriend was going to catch her.

"An appellate court evaluates counsel's performance from counsel's perspective at the time of trial." *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001). As a general rule, matters of reasonable tactics and strategy, "whether wise or unwise[, do] not amount to ineffective assistance of counsel." (Punctuation omitted.) *Berry v. State*, 267 Ga. 476, 482 (4) (i) (480 SE2d 32) (1997). The decision of White's trial counsel to admit that White had been in the victim's apartment, as established by DNA evidence found on a cup, was a tactical decision we will not second-guess. While counsel did not object to that portion of the stipulation regarding when White was in the apartment, considering that the victim made an immediate outcry and in light of the overwhelming evidence against White, White has failed to establish that the results of his proceeding would have been different if his lawyer had not stipulated as to the time.

2. White contends the trial court erred in admitting evidence of a similar transaction because it was not sufficiently similar and because it took place 15 years earlier. We review a trial court's decision to admit such evidence for abuse of discretion. *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998). To qualify for admission as a similar transaction, the State must show that (1) it is introducing the evidence for an appropriate purpose, (2) sufficient evidence establishes that the accused committed the independent offense, and (3) sufficient similarity exists between the independent offense and the crime charged, so that "proof of the former tends to prove the latter." *McKibbons v. State*, 226 Ga. App. 452, 454-455 (3) (486 SE2d 679) (1997).

Further, even though a defendant challenges similarity at the pretrial hearing, he waives this ground by failing to assert it when the evidence is introduced at trial. *Smith v. State*, 268 Ga. 42, 43 (3) (485 SE2d 189) (1997); *Davis v. State*, 229 Ga. App. 787, 789 (2) (494 SE2d 702) (1997). White did not object to the similar transaction evidence at trial, and therefore has waived this issue on appeal.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JANUARY 13, 2004 ▬▬▬▬▬▬

*Patricia F. Angeli*, for appellant.
Lamont White, *pro se.*
*Robert E. Keller, District Attorney, Jane E. Grabowski, Assistant District Attorney*, for appellee.