A04A2312. KNOX v. THE STATE.
(607 SE2d 167)

MILLER, Judge.

Marcus Knox appeals from convictions arising from a stalking episode, arguing that the trial court erred when it admitted evidence of previous similar offenses. We find no error and therefore affirm.

Viewed in the light most favorable to the jury's verdict, the evidence showed that Knox approached the victim while she was using a convenience store pay phone. In the course of a brief conversation, she told Knox the name of the subdivision in which she lived. He gave her his phone number, but the victim left town that night and did not call him. After she returned two weeks later, Knox came to the house, rang the doorbell, and beat on the door. When the victim's roommate answered, he stormed into the house and demanded to see the victim, who came downstairs and met him in the hallway. Having no recollection of their earlier meeting, she asked him who he was; he responded, "You know me. You met me at the pay phone. I'm Marcus." When the victim asked Knox to leave, he refused, saying, "Make me leave. I ain't going no damn where." When the victim told him that she needed to get something out of her car, Knox ordered her not to leave the house, and said that if she called the police he would "fuck her up." He also said that he would kill her and burn down the house. He then began to cry and said that he just needed somebody to love him. After further exchanges, during which Knox repeated his threats,

---

[4] See *Dykes v. State*, 266 Ga. App. 635, 636 (597 SE2d 468) (2004).
[5] See id.; *Bryant*, supra at 144.

the victim ran toward a neighbor's house. Furious, Knox jumped into his car and drove across the lawn toward the victim. She ran to the house of a second neighbor, who let her in and called police.

Before trial, the State indicated that it would introduce evidence of three previous incidents in which Knox also threatened and held hostage women with whom he had imagined he was involved. After holding two hearings pursuant to Uniform Superior Court Rule 31.3, the trial court ruled that the evidence should be admitted. At trial, Knox objected to the introduction of this similar transaction evidence on the ground that it was without probative value. He was found guilty of terroristic threats, false imprisonment, and criminal trespass, and was sentenced to ten years with six to serve. Following the denial of his motion for new trial, Knox appeals, arguing that the similar transaction evidence, including unrelated criminal activity alluded to in that evidence, should not have been admitted.

1. Knox first argues that because the previous stalking offenses were not sufficiently similar, and because the trial court's finding of fact to the contrary was not sufficiently explicit, evidence of them was improperly admitted. We disagree.

Rule 31.3 (B) requires that a trial court must hold a hearing before admitting evidence of prior offenses. The Supreme Court of Georgia has construed this rule as follows:

> At [the Rule 31.3 (B)] hearing, the state must make three affirmative showings as to each independent offense or act it seeks to introduce. The first of these affirmative showings is that the state seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility. The second affirmative showing is that there is sufficient evidence to establish that the accused committed the independent offense or act. The third is that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

(Citation and footnote omitted.) *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). A trial court's decision concerning the admission of similar transaction evidence will not be disturbed unless there was an abuse of discretion. *White v. State*, 265 Ga. App. 155, 157 (2) (592 SE2d 920) (2004).

Here, the three similar transactions were introduced after two different hearings. The first concerned the similarities between the stalking episodes of September 1994 and June 1999 and the one in the

case-in-chief. After assuring counsel that they should take all the time they needed, the court heard argument, quoted the relevant passages from *Williams* and other Supreme Court of Georgia precedent on similar transaction evidence, and finally ruled that it would admit evidence of these "prior and similar acts." There was no objection. In the second hearing regarding the June 2002 prior offense, the court heard arguments, this time framed in terms of *Williams* itself, and asked a number of questions before ruling that the evidence should be admitted. Again, Knox did not object to the manner in which the court had made its determination.

Most important, Knox failed to object at trial to the introduction of this evidence on the ground that the trial court had failed to make the requisite findings under Rule 31.3 and *Williams*. Thus he has waived objections as to the form of the ruling on appeal. *Murphy v. State*, 270 Ga. 72, 73 (2) (a) (508 SE2d 399) (1998); see also *Byrd v. State*, 236 Ga. App. 485, 489 (6) (d) (512 SE2d 372) (1999) (harmless error where court failed to make specific finding on each of the three *Williams* criteria).[1]

Each of the four stalking episodes, including the one in the case-in-chief, had the same fundamental features: Knox's belief, deluded or not, that he had some significant relationship with a woman; and an effort to establish or reestablish contact with her, accompanied by rage, threats, and false imprisonment or kidnapping. These similar transactions gave rise to convictions for crimes including criminal trespass, terroristic threats, and kidnapping. In its order denying Knox's motion for new trial, the court noted that the prior acts had been "relevant and admitted for a proper purpose, namely course of conduct," being "so sufficiently similar" that proof of the independent crimes tended to prove the crime in the case-in-chief. We have reviewed the record, and hold that there was no abuse of discretion in the trial court's admission of the prior acts. See *Byrd*, supra, 236 Ga. App. at 487 (5) (court properly focused on similarities rather than differences between crimes).

2. Knox also argues that the trial court erred in allowing the State to introduce evidence of a variety of criminal acts committed in the course of the case-in-chief as well as in the similar transactions, and in failing to give curative instructions as to that evidence. The evidence included vandalism and threats against the victim's boyfriend in the case-in-chief as well as prior indictments for several

---

[1] As the trial court commented at the hearing on Knox's motion for new trial, "I don't think there are any magic words that you have to use. . . . I think the acts were similar, and I think there is sufficient finding by the court to admit them."

offenses including aggravated assault, kidnapping, violation of probation, giving a false name to police, and felony criminal damage to property.

At trial, however, Knox neither requested a curative instruction nor objected to these parts of the similar transactions evidence on this ground. The only basis for his objection was that the similar transactions lacked "probative value" — the same objection he had previously made at the pretrial hearing. Thus Knox has waived this argument as well on appeal. *Corbett v. State*, 266 Ga. 561, 564 (3) (468 SE2d 757) (1996) (objecting party must specify what portion of evidence is objectionable). The motion for new trial was properly denied.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 19, 2004.

*Maurice Brown*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Alvera A. Wheeler, Assistant District Attorneys*, for appellee.

