S04A2037. MOORE v. THE STATE.
(609 SE2d 340)

HUNSTEIN, Justice.

Darrin Moore was convicted of malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony arising out of the shooting death of Youlenda Williams. He appeals from the denial of his amended motion for new trial, and we affirm.[1]

---

[1] The crimes occurred on September 12, 2001. Moore was indicted November 2, 2002 in Fulton County on charges of malice murder, felony murder, aggravated assault, firearm possession and financial transaction card fraud. He was found guilty on January 17, 2003 on all counts except the card fraud which count the district attorney placed upon the dead-docket. Moore was sentenced that same day to life imprisonment for the murder, and five years to run consecutively on the possession charge. Moore filed a motion for new trial on February 6, 2003, and amended it on November 7, 2003 and March 25, 2004. The motion was denied on June 16, 2004 and the appeal, docketed in this Court on August 16, 2004, was submitted for decision on the briefs.

1. The jury was authorized to find that Moore was engaged to Williams and had been sharing her residence. Sometime between the evening of September 12, 2001, and the afternoon of September 13, 2001, Williams was shot five times in the head and died in her home. When Williams did not arrive for work at Delta Airlines on September 13, a co-worker went to her house, saw a "brown stain" on the curtains and upon further examination found her body on the floor in the foyer. There were no signs of burglary, robbery or forced entry at the residence, but there appeared to have been a struggle in the foyer because a flowerpot had been overturned and the victim's slippers were no longer on her feet. Police found a .32 caliber pistol in the kitchen belonging to Williams and the bullets recovered from Williams' body matched the handgun found in the kitchen.

During the time period when the murder took place, neighbors observed Moore sitting on the front stoop of the house and observed his truck in the driveway. After the murder, a fraud investigator with Delta Airlines alerted police that Williams' credit card was still being used to secure hotel rooms in the area. Six days after Williams' death, police arrested Moore in a hotel room that had been paid for with Williams' credit card. The boots Moore was wearing at the time of his arrest had Williams' blood on them.

We find this evidence sufficient to enable a rational trier of fact to find Moore guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Moore's failure to object waives any alleged error regarding the court allowing jury selection to proceed by the "silent strike" method, i.e., the practice that precludes jurors from being aware of which party excused them. See Goger, Daniel's Georgia Criminal Trial Practice (2004-05 ed.), § 18-33. See generally *Rhodes v. State*, 271 Ga. 481 (2) (521 SE2d 579) (1999).

3. Moore contends the trial court erred by failing to order a mistrial after Williams' co-worker testified that Williams had been "murdered," because it improperly gave an opinion as to the ultimate issue in the case. Pretermitting the procedural default created by Moore's failure to object to this testimony at trial, id., we note that the trial court gave curative instructions and required that the improper response be stricken from the record. Moore's failure to object renders meritless the error alleged over the witness's testimony regarding matters not contained in the summary of her statement prepared by the State in violation of OCGA § 17-16-7. See also *Waldrip v. State*, 267 Ga. 739 (12) (482 SE2d 299) (1997).

4. There is no merit to the challenge to the trial court's decision to permit GBI Agent Mitchell to testify as an expert in the field of

blood splatter because the State established that Mitchell had extensive experience and specialized training in that field of evidence. *Bell v. State*, 278 Ga. 69 (4) (597 SE2d 350) (2004).

5. Moore contends that the trial court erred by allowing the State's firearms expert to testify about the pressure of the trigger pull on the murder weapon when the expert's findings on this subject had not been disclosed in the ballistic report provided to Moore before trial. The record shows that the firearms expert's testimony about her conclusion regarding the pressure required to operate the gun was contained in internal notes that are not routinely published. *Cook v. State*, 270 Ga. 820 (13) (514 SE2d 657) (1999) (defendant not entitled to internal documents and work product of crime lab). Accordingly, this enumeration lacks merit.

6. There being no manifest necessity for a mistrial in the absence of a motion by Moore, the trial court did not err by failing to declare a mistrial sua sponte during testimony by the forensic pathologist. See *Bennett v. State*, 262 Ga. 149 (14) (414 SE2d 218) (1992).

7. After closing arguments were complete, the trial court instructed the deputy sheriff to keep the door to the courtroom locked while jury instructions were read to the jury. Moore now contends this order amounted to a violation of his Sixth Amendment right to a public trial. Generally, the constitutional right to a public trial is not violated where the court exercises its inherent power " '. . . to preserve order and decorum in the courtroom . . . , and generally to further the administration of justice.' [Cit.]" *Waller v. State*, 251 Ga. 124, 127 (4) (303 SE2d 437) (1983). In this case, however, we need not decide whether the purported limitation on public ingress and egress amounted to a constitutional violation inasmuch as Moore did not object at trial. *Lucas v. State*, 274 Ga. 640 (20) (555 SE2d 440) (2001).

8. Following his conviction and sentence, Moore obtained new counsel who filed a motion for new trial asserting numerous instances of ineffectiveness of his trial counsel. In order to establish ineffectiveness of trial counsel, Moore is required to show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Washington v. State*, 276 Ga. 655 (3) (581 SE2d 518) (2003). Moreover, Moore must overcome the strong presumption that counsel's performance fell within a broad range of reasonable conduct and must show that there is a reasonable probability that absent counsel's deficiency, the result of the trial would have been different. *Cross v. State*, 271 Ga. 427 (3) (520 SE2d 457) (1999).

New counsel did not assert in the motion for new trial, amendments to the motion, or at the hearing on the motion for new trial, that trial counsel was ineffective for failing to raise a *Batson* challenge; failing to move for a change of venue; failing to object to alleged

improper character evidence; failing to renew an objection and move for a mistrial after an outburst from the audience and failing to object to a "golden rule" argument. Accordingly, the claim of trial counsel's ineffectiveness as to those instances is waived. *Pye v. State*, 274 Ga. 839 (1) (561 SE2d 109) (2002) (failure of post-conviction counsel to raise ineffective assistance in new trial motion); *Ray v. State*, 259 Ga. 868 (12) (389 SE2d 326) (1990) (no request for evidentiary hearing).

The trial court conducted an evidentiary hearing on the remaining allegations of ineffectiveness of trial counsel and found no merit in any of Moore's claims. A review of the transcript of the hearing on Moore's motion reveals that both trial counsel and the court consulted with Moore on the issue of his testifying at trial. It also reveals that Moore could not show that his defense was prejudiced as a result of trial counsel's lack of success in interviewing all of the witnesses who appeared on the State's witness list where there was evidence that few were willing to talk with her. Finally, Moore could not show that counsel was deficient in failing to secure an expert forensic witness to counter the State's theory that Moore shot Williams in the head while subduing her by sitting on her, as this decision amounted to reasonable trial tactics or strategy. *Dewberry v. State*, 271 Ga. 624 (2) (523 SE2d 26) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 2005.

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.