A06A0495. ESTES v. THE STATE.
(631 SE2d 438)

JOHNSON, Presiding Judge.

A jury convicted James Michael Estes of aggravated child molestation, child molestation, and aggravated sexual battery arising from his contact with his great-nieces. On appeal, Estes argues that Georgia's child hearsay statute is unconstitutional as applied in this case, and that the trial court erred when it admitted similar transaction evidence and when it admitted the children's testimony without making a finding that it was sufficiently reliable. Estes also argues that trial counsel was ineffective. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence.[1] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the record shows that Estes kissed and groped both victims, who were four and ten years old at the time, in the home he shared with them. He also threatened to kill one of the victims if she told anyone about the abuse. After the jury convicted Estes of six counts of child molestation, four counts of aggravated sexual battery, and one count of aggravated child molestation, the trial court sentenced him to forty years with fifteen to serve. Estes' motion for new trial was denied. Estes first appealed his conviction to the Supreme Court of Georgia, which transferred the case to this Court on the

---

[1] *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

ground that he had waived his constitutional objection to Georgia's child hearsay statute by failing to raise it in his motion for new trial.[3]

1. As a preliminary matter, we note that we are bound by our Supreme Court's determination, made when it transferred this case to this Court, that because Estes failed to raise his constitutional objection to the child hearsay statute at trial and before the return of the guilty verdict against him, he has waived this objection on appeal.[4] We also observe that although Estes does not challenge the sufficiency of the evidence, our review of the record indicates that the evidence was indeed sufficient to sustain his convictions.[5]

2. Estes next argues that the trial court erred when it admitted two similar transactions after a Uniform Superior Court Rule 31.3 (B) hearing[6] without analyzing their "use and relevance." We disagree.

> In order to admit similar transaction evidence, the state must show that (1) the evidence is offered for a proper purpose; (2) sufficient evidence exists that the defendant committed the similar transaction; and (3) there are enough similarities between the other transactions and the charged offense that proof of the former tends to prove the latter. A proper purpose for the introduction of the evidence would be to show motive, intent, plan, identity, bent of mind, or course of conduct.[7]

A trial court's decision concerning the admission of similar transaction evidence will not be disturbed unless there was an abuse of discretion.[8]

(a) The first of these transactions involved the mother of the victim, who claimed that she had been molested by Estes approximately twenty years before, when she was between seven and eleven years old. Estes himself called the mother to the stand, conceding in the process that the similar transaction evidence was admissible. The state chose not to cross-examine the mother. Having put this witness

---

[3] See OCGA § 24-3-16; *Lewis v. State*, 279 Ga. 69, 70 (2) (608 SE2d 602) (2005) (challenge to constitutionality of statutes first raised after return of guilty verdict deemed waived on appeal).

[4] See *Lewis*, supra.

[5] See *Jackson*, supra.

[6] See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991); Rule 31.3 (B) (establishing procedure in accordance with *Williams* for admission of similar transaction evidence).

[7] (Punctuation and footnotes omitted.) *Woods v. State*, 250 Ga. App. 164, 165-166 (1) (a) (550 SE2d 730) (2001).

[8] *Knox v. State*, 270 Ga. App. 571, 572 (1) (607 SE2d 167) (2004).

on the stand, and having elicited testimony concerning the transaction, Estes cannot now complain that the trial court erred in admitting evidence she gave on the subject.[9]

(b) The second similar transaction, also dating from twenty years before, involved Estes's arrest for molesting another child, who was between four and six years old at the time. Although this witness could not herself recall the abuse, her stepmother testified to it, including a gonorrheal infection allegedly contracted as a result. At the Rule 31.3 hearing, however, Estes did not object to the testimony concerning this transaction on the ground that the trial court had not made proper findings or that the transaction was not sufficiently similar. Instead, he argued only that there was insufficient evidence that the transaction had occurred, and asked for a limiting instruction, which the trial court later gave. Most important, Estes did not object to the stepmother's testimony at trial, and also chose not to cross-examine her stepdaughter. He has thus waived any objection he may have had as to the form of the trial court's similar-transactions ruling on appeal.[10]

3. Estes also argues that the trial court erred when it failed to determine that the stepmother's testimony concerning the second similar transaction was sufficiently reliable to be admissible, thus violating his Sixth Amendment right to confront the witnesses against him.[11] Again, we disagree.

> Although the rules concerning the Confrontation Clause and hearsay evidence generally protect similar values, they do not always prohibit the same evidence. The Confrontation Clause may bar the admission of some evidence that would be admissible under an exception to the hearsay rule. The converse is equally true: merely because evidence is admitted in violation of a long-established hearsay rule does not lead to the automatic conclusion that confrontation rights have been denied.[12]

Here, Estes did not object to the introduction of the stepmother's testimony at trial on the ground that his right to confront the witness

---

[9] See *Woods*, supra, 250 Ga. App. at 167 (1) (b).

[10] See *Knox*, supra, 270 Ga. App. at 573 (1); *Murphy v. State*, 270 Ga. 72, 73 (2) (a) (508 SE2d 399) (1998).

[11] See *Crawford v. Washington*, 541 U. S. 36, 68-69 (124 SC 1354, 158 LE2d 177) (2004) (when a declarant is unavailable and his out-of-court statement "testimonial," the statement is admissible only if defendant had previous opportunity to cross-examine declarant).

[12] (Citation and punctuation omitted.) *Walton v. State*, 278 Ga. 432, 434 (1) (603 SE2d 263) (2004).

had been violated. He has thus waived any objections he may have had under the Confrontation Clause of the Sixth Amendment for purposes of appeal.[13]

4. Finally, Estes argues that his trial counsel was ineffective in (a) failing to prepare adequately as to both the case-in-chief and the similar transactions, (b) failing to object to references to similar transactions in the State's closing argument, and (c) failing to object to the mother's testimony as putting his character impermissibly at issue. We disagree.

"To prove an ineffective assistance of counsel claim, [a] defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency."[14] Moreover, "a strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance. [A] trial court's determination that [a defendant] was afforded effective assistance of counsel will not be reversed on appeal unless it was clearly erroneous."[15]

(a) Estes failed to raise the matter of inadequate preparation in his amended motion for new trial, where he raised several other claims concerning ineffective assistance of trial counsel, or at the hearing on that motion. The matter of inadequate preparation is therefore waived on appeal.[16]

The record shows, moreover, that counsel obtained and reviewed discovery from the State, including records relating to the victims, and interviewed his client, his client's family, and other witnesses in the case. The fact that counsel did not interview the mother of the second similar transaction victim did not make his performance deficient, since the mother had refused to give a statement or to take a polygraph test before trial on the ground that such acts might incriminate her. The trial court did not err when it found no deficiency here.[17]

(b) The passages from the State's closing argument of which Estes complains include (i) the State's assertion that one of the similar transactions "is a good example [of] how we used to think that we should just push these cases under the rug," and that "we don't want to waste taxpayer dollars prosecuting cases where most of the time . . . there's no evidence at all[,] [n]othing but a little girl and her

---

[13] See id.

[14] *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[15] (Citations omitted.) *Turner v. State*, 245 Ga. App. 294, 295 (4) (536 SE2d 814) (2000).

[16] *Moore v. State*, 279 Ga. 45, 47-48 (8) (609 SE2d 340) (2005).

[17] See *Richardson v. State*, 194 Ga. App. 358, 359-360 (1) (d), (e) (390 SE2d 442) (1990) (no deficient performance in failure to interview uncooperative witnesses).

word"; (ii) the State's suggestion that while the abuse ended when one of the victims sought help, "[t]he beginning is somewhere back [in the past]. We don't know"; and (iii) the State's conclusion that "[o]ver the course of twenty years, we know of four lives he has touched," and that "by touched, there are a lot of meanings to that word."

In each of these passages, however, the State was responding to specific assertions by the defense. (i) Estes argued that he should be acquitted because there was no physical evidence to corroborate the victims' statements and no prosecution of the similar transactions, whereas the State argued that a lack of physical evidence should no longer be a bar to prosecution. (ii) Estes argued that the victims' delay in disclosing the molestation suggested that it did not occur, whereas the State argued that the long time span between the similar transactions and the crimes alleged in the case-in-chief suggested that Estes' abuse of children had been going on for an indeterminate amount of time. (iii) Estes also argued that the victims had acted in a manner inconsistent with having been abused, whereas the State argued that both victims' emotional difficulties corroborated their accounts of abuse. In each of these cases, then, the State was free to refer to evidence admitted in the case and to characterize it in a manner consistent with its contention that Estes was guilty as charged in the case-in-chief.

Since there would have been no merit to objections concerning any part of the State's closing argument in this case, trial counsel did not perform deficiently when he failed to make such objections.[18] There was no ineffective assistance here.

(c) Finally, Estes argues that trial counsel was ineffective in failing to object to the testimony of the victims' mother, a witness called by Estes himself, as putting his character in issue. Again, we disagree.

"In the realm of specific decisions regarding trial strategy, and in particular decisions about which witnesses should be called to testify, defense attorneys are afforded wide discretion."[19] At the hearing on the motion for new trial, counsel testified that he believed the mother so "unbelievable" a witness that her "exaggerations" and "tirades" would help Estes' case rather than hurt it, and that he called the witness for these reasons. This judgment is well supported by the record of the mother's testimony, which includes outbursts, nonsensical answers, and unauthorized departures from the courtroom. There was no deficient performance in calling this witness to testify

---

[18] See *Hayes v. State*, 279 Ga. 642, 645 (3) (619 SE2d 628) (2005); *Milner v. State*, 271 Ga. 578, 579 (2) (522 SE2d 654) (1999) (no deficient performance or prejudice in failing to object to State's closing argument).

[19] (Footnote omitted.) *Simpson v. State*, 277 Ga. 356, 359 (4) (c) (589 SE2d 90) (2003).

in the hope that the jury would find her testimony, including her accusations against Estes, incredible.[20]

The trial court did not err when it denied Estes' motion for new trial.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MAY 15, 2006.

*Swift, Currie, McGhee & Hiers, Christopher R. Reeves, Sarah L. Gerwig-Moore*, for appellant.

*Fred A. Lane, Jr., District Attorney, Allen R. Knox, Assistant District Attorney*, for appellee.

---

[20] Id.; *Roundtree v. State*, 268 Ga. App. 877, 877-878 (1) (602 SE2d 890) (2004).