# Court of Appeals
# of the State of Georgia

ATLANTA,   December 02, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0155. LAMONT CHAD WHITE v. THE STATE.**

A jury found Lamont Chad White guilty of numerous offenses, including kidnapping and aggravated assault, and he was sentenced to life without parole. We affirmed White's conviction on appeal. *White v. State*, 265 Ga. App. 155 (592 SE2d 920) (2004). In 2014, White filed a motion to vacate a void sentence, arguing that the State failed to prove asportation, which is an essential element of kidnapping. The trial court denied the motion, and White filed this appeal. The State has filed a motion to dismiss the appeal on the basis that White has failed to raise a valid void sentence claim.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motion, White did not argue that his sentence fell outside the permissible statutory range. Rather, he challenged the validity of the underlying conviction, which is not a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010). Accordingly, the State's motion to dismiss is hereby GRANTED, and this appeal is DISMISSED. See id.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*     12/02/2015
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*