A07A2107. HINTON v. THE STATE.
(659 SE2d 841)

BARNES, Chief Judge.

Gilbert Hinton appeals his conviction for possession of methamphetamine with intent to distribute, contending that his rights were violated by the State's failure to produce videotape evidence, that the trial court erred in admitting evidence of a similar transaction, and that his trial counsel was ineffective. For the reasons that follow, we affirm.

We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Campbell v. State*, 278 Ga. 839, 840 (1) (607 SE2d 565) (2005). We

construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. Id.

Viewed in that light, the evidence at trial established that around midnight in October 2004, an officer with the Cobb County Police Department was patrolling a "heavily populated drug traffic area" when he saw an unfamiliar car with three men inside pull into an apartment complex parking lot. Hinton got out, went into an apartment, stayed about two minutes, and then returned to the car, which drove off. The officer pulled out behind the car and turned on his lights to see how the driver would react. The driver made a "pretty erratic" turn into a gas station and the officer parked across the street with his lights out to watch while the driver fumbled with the gas cap, went inside the business, came out with a soda, and drove away. The officer followed in his patrol car, and made a traffic stop after seeing that one of the taillights in the vehicle was not working.

The officer asked the driver to step out and move to the back of his car. The driver consented to a search of his car, and Hinton and the third man got out and sat with two backup officers. The search revealed a small container of marijuana in the open console between the two front seats. Because the marijuana would have been accessible to all three men, all three were charged with marijuana possession. After patting down Hinton to look for weapons and cuffing his hands, the officer placed him in his patrol car and turned to the third man. As the officer opened the police car door to place the third man in the back seat, Hinton began screaming, "hey, hey, hey, you know, there's drugs in your back seat. I hope you aren't going to charge me with it." The officer pulled the third man from the car and shone his flashlight on the floorboard, revealing two plastic bags containing 20.18 grams of "ice," or crystal methamphetamine, with a street value of at least $2,000.

The officer testified that he always searched his patrol car before beginning his shift to make sure no one had hidden any contraband inside. Hinton was the first person to step into the patrol car since the shift began, so the officer arrested Hinton for possession with intent to distribute.

1. Hinton contends that his Sixth Amendment right to confrontation and cross-examination was violated because the trial court admitted evidence of Hinton's similar transaction without first requiring the State to present witness testimony at the hearing. Instead, the only evidence the State presented at the hearing was certified copies of the police report and conviction from the prior case, which, without the arresting officer's testimony, was hearsay and insufficient to prove that evidence of the prior crime was admissible. A review of the transcript reveals that the State made a proffer at the hearing of what the arresting officer would say at trial, and that

Hinton did not object. Thus Hinton waived any objection to the hearing procedure. See *Darnell v. State*, 257 Ga. App. 555, 556 (2) (571 SE2d 547) (2002).

2. Hinton contends that his trial counsel was ineffective for failing to object to the State's proffer of evidence at the similar transaction hearing, positing that "[h]ad the Court denied the motion based on the State's lack of sufficient proof, the defendant would not have been severely prejudiced at trial by the jury hearing about the former conviction." To establish ineffective assistance, Hinton must show both that his trial counsel's performance was deficient and that this deficiency prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000). Hinton must establish both elements; if we determine that one element is missing we need not consider whether the defendant has established the other element. *Green v. State*, 240 Ga. App. 650, 652-653 (3) (523 SE2d 632) (1999).

In this case, trial counsel's performance was not deficient by failing to object to the State's proffer during the similar transaction hearing.

> We have repeatedly approved of such a procedure; the question is whether defendant was deprived of any substantial rights by the proffer. [Cits.] The recent decision of the United States Supreme Court limiting the hearsay exceptions to the Confrontation Clause to those "firmly rooted" in the common law do not persuade us otherwise, as the State introduced no hearsay evidence during trial, and [Hinton] had ample opportunity to cross-examine the similar transaction witness then. See *Crawford v. Washington*, 541 U. S. 36, 41 (124 SC 1354, 158 LE2d 177) (2004).

(Punctuation omitted.) *Ellis v. State*, 282 Ga. App. 17, 23 (3) (b) (637 SE2d 729) (2006).

3. Hinton contends that the trial court erred in allowing evidence of his similar transaction without determining on the record that the State offered the evidence for a proper purpose, that sufficient evidence established he committed the independent act, and that the independent act tended to prove the offense charged because the two were sufficiently similar, as required by *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). At the hearing, the State argued that it offered the evidence to show Hinton's course of conduct, in particular, to show that when he is caught with drugs to sell, he throws them down; that the arresting officer would testify that Hinton committed the prior act; and that the offenses were similar, both involving the possession of drugs with the intent to distribute. After the hearing, the trial court took a recess, then returned to the

bench and ruled, "As to the State's motion to present similar transaction evidence, I've looked at the case law, and I'm going to grant that motion. So the State will be allowed to present that evidence in its case." While the court did not make the *Williams* findings on the record, "we find no harmful error as the evidence presented by the State at the out-of-court hearing was sufficient for the trial court to have concluded affirmatively on the record that each of the requirements of *Williams*, supra, had been satisfied." (Punctuation omitted.) *Morales v. State*, 210 Ga. App. 414, 416 (2) (a) (436 SE2d 528) (1993).

4. Hinton contends that his right to exculpatory evidence as set forth in *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) was violated by the State's failure to produce videotapes from the cameras on the two responding officers' vehicles, which might have supported his defense that someone else put the methamphetamine in the arresting officer's car. At trial, the arresting officer testified that he did not have a videotape of the arrest because either the tape ended during the stop or was lost due to a glitch in the new videotape system in which tapes from the old system immediately fast-forwarded to the end and therefore did not record anything. The officer also testified that even if the other two police cars had videotaped the arrest, the angle of those cameras would not have shown much.

At the motion for new trial hearing, trial counsel testified that she tried to obtain videotapes from any of the three patrol cars but neither the State nor the police officers had them. She sought the tapes because the police officers initially denied that they ever tried to put anyone else in the car with Hinton, but the officers subsequently remembered that they tried to put the third man in the car, and thus the tapes were no longer needed for that purpose.

While Hinton argues in his brief that his trial counsel "had information from the State that a videotape existed . . . ," the citation to the motion for new trial hearing transcript does not support this statement. The transcript shows instead that Hinton wanted to find a videotape from the patrol car behind the one in which he was held, but that counsel could not confirm the existence of any videotapes taken during the arrest.

> [T]o establish a *Brady* violation, a defendant has the burden of showing that: (1) the State possessed information favorable to the defendant; (2) the defendant did not possess the evidence nor could he obtain it with due diligence; (3) the prosecution suppressed the evidence; (4) a reasonable probability exists that the outcome of the trial would have been different if the evidence had been disclosed.

(Citation and punctuation omitted.) *Cook v. State*, 274 Ga. 891, 893 (2) (561 SE2d 407) (2002). Hinton has failed to meet his threshold burden of establishing that the State possessed information favorable to him, or that the trial's outcome might have been different if the tape had been produced.

5. Finally, Hinton's trial counsel was not ineffective for failing to obtain evidence which apparently did not exist.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED MARCH 24, 2008.

*Angela Moore-Brown*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.