### A08A0703. SHEPPARD v. THE STATE.
(669 SE2d 152)

ANDREWS, Judge.

On appeal from his conviction for child molestation, Myron Sheppard argues that Georgia's Child Hearsay Statute (OCGA § 24-3-16) is unconstitutional and was unconstitutionally applied in his case. Sheppard also argues that the trial court erred when it admitted similar transaction evidence without holding a Uniform Superior Court Rule 31.3 (B) hearing pursuant to *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). We hold that Sheppard has waived his constitutional objections, but vacate his conviction and remand for further proceedings to determine whether the similar transaction evidence introduced against him comports with the requirements of Rule 31.3 (B) and *Williams*.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine

---

only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on Christmas Eve 1992, Sheppard was lying beneath the victim, who was seven years old at the time, when he put his tongue into her mouth and placed her hand on his erect penis. After the victim got up to go to bed in another room, Sheppard followed her into the room, lay down beside her, put his hand down her pants, and touched her vagina. As the family moved from Putnam County, where the first incident occurred, to Jasper County, where the attacks continued, the victim told her mother and some friends about them. For some time, the victim's mother accepted her husband's denials. When the victim told her mother some years later about one fondling incident immediately after it occurred, however, the mother confronted Sheppard, who stopped the molestation but denied that the abuse had occurred.

In 2002, the Baldwin County Department of Family and Children Services ("DFACS") received a tip and approached the victim at her school, at which time she confirmed that the molestation had occurred. Sheppard left the family's house the next day, traveling to Kentucky, Arkansas, Mexico and Belize before being apprehended in Costa Rica. Sheppard tried at least twice to convince the victim to recant. A jury found Sheppard guilty of two counts of child molestation, and he was sentenced to twenty years with ten to serve. His motion for new trial was denied.

1. Sheppard does not challenge the sufficiency of the evidence against him. We have reviewed the record, however, and find that the evidence was sufficient for a rational trier of fact to have found him guilty beyond a reasonable doubt of the charged offenses. OCGA § 16-6-4 (a) (defining child molestation); *Jackson v. Virginia*, supra; see also *Johnson v. State*, 254 Ga. 591, 595 (1) (331 SE2d 578) (1985).

2. The gravamen of Sheppard's first two assertions of error is that his conviction must be overturned because the Georgia Child Hearsay Statute, OCGA § 24-3-16, is unconstitutional in light of the U. S. Supreme Court's decision in *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004). More specifically, Sheppard asserts that his appeal "squarely presents the constitutional deficiencies of the proliferation of child hearsay testimony" which, he argues, has been "declared to be unconstitutional by the United States Supreme Court." He then gathers ten examples of testimony to which he objects before continuing with his general argument that OCGA § 24-3-16 "was the vehicle that allowed [the admission of] hearsay testimony" in his case.

Citing our decision in *Estes v. State*, 279 Ga. App. 394 (631 SE2d 438) (2006), as well as its own in *Lewis v. State*, 279 Ga. 69 (608 SE2d 602) (2005), the Supreme Court of Georgia transferred this case to this Court on the ground that Sheppard had failed to raise these constitutional objections until his motion for new trial and had thus waived them on appeal. See *Estes*, 279 Ga. App. at 394-395, n. 3 and (1); *Lewis*, 279 Ga. at 70 (2) (challenge to constitutionality of statutes first raised after return of guilty verdict deemed waived on appeal). We adopt the Supreme Court's decision as our own on this issue.

To the extent Sheppard suggests that OCGA § 24-3-16 was unconstitutionally applied to admit each of the statements he identifies as depriving him of his right to confront witnesses, we note that although the U. S. Supreme Court's decision in *Crawford* appeared some months before his trial, Sheppard made no objection on that basis to any of the statements of which he now complains.[1] He has thus waived these objections on appeal. *Estes*, 279 Ga. App. at 396-397 (3) (failure to object to statements on ground that confrontation rights had been violated waived such objections on appeal).

3. Sheppard also argues that the trial court erred when it admitted testimony concerning nine similar transactions without making the requisite *Williams* findings. We agree.

> Rule 31.3 (B) requires the State to make three affirmative showings: (1) the similar transaction evidence is offered for some purpose other than to show a probability that the defendant committed the crime on trial because the defendant is a person of criminal character; (2) the accused committed the independent offenses; and (3) a sufficient connection or similarity between the prior offense and the offense charged such that proof of the former tends to prove the latter.

*Hall v. State*, 230 Ga. App. 741, 742 (497 SE2d 603) (1998).

> After the 31.3 (B) hearing, and before any evidence concerning a particular independent offense or act may be introduced, the trial court must make a determination that each of these three showings has been satisfactorily made by the state as to that particular independent offense or act.

---

[1] At the conclusion of his brief, Sheppard asserts that he "continually objected to the hearsay testimony and registered a continuing objection," but provides no citation to the record for this assertion. See Court of Appeals Rule 25 (a) (1) (appellant's brief shall include "the citation of such parts of the record or transcript essential to a consideration of the errors complained of" and "a statement of the method by which each enumeration of error was preserved for consideration").

(Footnote omitted.) *Williams*, 261 Ga. at 642 (2) (b).

At the times Sheppard molested them, the victims of the similar transactions ranged in age from ten to sixteen years old. Sheppard's sexual abuse of children, "regardless of the sex of the victims or the nomenclature or type of acts perpetrated upon them, [would be] of sufficient similarity to make the evidence admissible." (Citations omitted.) *Oller v. State*, 187 Ga. App. 818, 820 (2) (371 SE2d 455) (1988).

Although the State timely filed a notice of intent to introduce evidence of these similar transactions and asserts that a Rule 31.3 (B) hearing was held below, we have not seen either a transcript of or explicit references to such a hearing in the record before us. Thus "we cannot state that the trial court followed the correct procedures for admitting any of the transactions." *Hall*, 230 Ga. App. at 742.

Although Sheppard failed to object to the admission of some of the allegedly objectionable testimony, this Court has held that a defendant "bears no burden to initiate" Rule 31.3 (B) procedures and that a defendant's failure to object to the absence of such procedures "does not constitute a waiver." *Riddle v. State*, 208 Ga. App. 8, 10-11 (1) (b) (430 SE2d 153) (1993). The trial court's apparent failure to conduct a Rule 31.3 (B) hearing is harmless error, however, if the evidence "did not measurably contribute to the jury's guilty verdict." (Footnote omitted.) *Hill v. State*, 263 Ga. 37, 43 (10) (427 SE2d 770) (1993). Sheppard did not take the stand in his own defense, the only direct testimony against him came from the victim, and there was no physical evidence of the abuse. Under these circumstances, we cannot say that the extensive testimony concerning numerous similar transactions did not measurably contribute to the jury's verdict. See *Hall*, 230 Ga. App. at 743 (conflict in testimony over drug possession precluded a finding that the failure to hold a Rule 31.3 (B) hearing was harmless); *Herring v. State*, 288 Ga. App. 169, 174-175 (2) (b) (653 SE2d 494) (2007) (defendant's denial on the stand and lack of physical evidence of child molestation precluded a finding that error was harmless); compare *Hill*, 263 Ga. at 43 (10) (where jury knew from the circumstances of a jailhouse murder that the defendant was an inmate, and where the evidence of his guilt was overwhelming, the introduction of similar transaction evidence without proper *Williams* findings was harmless).

We therefore vacate the trial court's judgment of conviction and remand this case to the trial court with direction that it determine whether a Rule 31.3 (B) hearing has already been held and, if not, to hold such a hearing. *Hall*, 230 Ga. App. at 743.

If the trial court determines that the State's [similar transaction] evidence does not meet the standards of *Will-*

*iams v. State*, or if its probative value is substantially outweighed by its prejudicial effect, a new trial is required.

(Footnote omitted.) *Clarke v. State*, 241 Ga. App. 186, 192 (3) (526 SE2d 395) (1999). "On the other hand, if the evidence meets the standards of Rule 31.3 (B) and *Williams*, a new trial is not required[,]" (footnote omitted) id., and the trial court may re-enter its judgment of conviction against Sheppard, who may then take an appeal from that judgment in accordance with OCGA §§ 5-6-37 and 5-6-38.

*Judgment vacated and case remanded with direction. Ruffin, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 26, 2008 —
RECONSIDERATION DENIED OCTOBER 28, 2008.

*McNeill Stokes*, for appellant.
*Fredric D. Bright, District Attorney, Cheney & Baskin, Dawn M. Baskin*, for appellee.