## A09A0993. SHEPPARD v. THE STATE.
(684 SE2d 397)

ADAMS, Judge.

This is the second appearance of this case in the Court of Appeals. Myron Wendell Sheppard was convicted on two counts of child molestation and sentenced to twenty years with ten to serve. His motion for new trial was denied and he appealed. This Court held that the evidence was sufficient to support the convictions and that Sheppard had waived his assertions that the Georgia Child Hearsay Statute is unconstitutional in light of *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004), and that the same

---

[4] *Universal Security Ins. Co. v. Lowery*, 195 Ga. App. 621, 623 (1) (394 SE2d 416) (1990).

statute was unconstitutionally applied in his case. *Sheppard v. State*, 294 Ga. App. 270, 271-272 (1), (2) (669 SE2d 152) (2008).

Sheppard also asserted that "the trial court erred when it admitted similar transaction evidence without holding a Uniform Superior Court Rule 31.3 (B) hearing pursuant to *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991)." *Sheppard*, 294 Ga. App. at 270. On that point, this Court vacated the trial court's judgment of conviction and remanded the case "with direction that it determine whether a Rule 31.3 (B) hearing has already been held and, if not, to hold such a hearing." Id. at 273. On remand, the trial court determined that a proper hearing as required by Rule 31.3 (B) had been held on June 14, 2004, and a transcript of that hearing has been provided to this Court. The trial court concluded that "the proffer made by the State's Attorney established the requirements for the admission of the similar transactions pursuant to *Williams v. State*. . . ." Accordingly, the court reinstated the judgment.

1. Sheppard contends the trial court erred because, at the hearing, the prosecutor only made a proffer of the similar transaction evidence rather than introducing the actual evidence of those events. Therefore, Sheppard contends, the State did not carry its burden of proof and, furthermore, he was deprived of an opportunity to confront and cross-examine the similar transaction witnesses. He argues that because he had no prior convictions associated with any of the alleged similar transactions and that the State did not have certified copies of prior convictions or pleas, the State was required to produce actual evidence of the prior occurrences at the Rule 31.3 (B) hearing.

This Court has already addressed the question raised herein and held that where the defendant has the opportunity to cross-examine the relevant witnesses during trial, he or she has not been deprived of any substantial rights:

> We have repeatedly approved of such a procedure; the question is "whether defendant was deprived of any substantial rights" by the proffer. (Emphasis omitted.) *Houston v. State*, 187 Ga. App. 335, 338 (2) (370 SE2d 178) (1988); *Harris v. State*, 210 Ga. App. 366, 367 (2) (436 SE2d 231) (1993). The recent decision of the United States Supreme Court limiting the hearsay exceptions to the Confrontation Clause to those "firmly rooted" in the common law do not persuade us otherwise, as the State introduced no hearsay evidence during trial, and Ellis had ample opportunity to cross-examine the similar transaction witness then. See *Crawford v. Washington*, 541 U. S. [at 41].

*Ellis v. State*, 282 Ga. App. 17, 23-24 (3) (b) (637 SE2d 729) (2006). See also *Hinton v. State*, 290 Ga. App. 479, 481 (2) (659 SE2d 841) (2008). In this case, as Sheppard admits, the similar transaction witnesses testified and were, therefore, subject to cross-examination. We find no error.

2. Sheppard's next two enumerations are identical to the first two enumerations raised in his initial appeal, and this Court already has determined that those assertions of error have been waived. *Sheppard*, 294 Ga. App. at 271-272 (2). Accordingly, they represent the law of the case. OCGA § 9-11-60 (d).

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED SEPTEMBER 29, 2009 — 

*McNeill Stokes*, for appellant.

*Fredric D. Bright, District Attorney, Dawn M. Baskin, Assistant District Attorney*, for appellee.