## S12A0682. GLOVER v. THE STATE.
(728 SE2d 221)

CARLEY, Presiding Justice.

A jury found Travis Cental Glover guilty of the malice murder of Willie Alexander. The trial court entered judgment of conviction on that guilty verdict and sentenced Glover to life imprisonment. A motion for new trial was denied almost eleven years after it was filed, and Glover appeals.[*]

1. Construed most strongly in support of the verdict, the evidence, including the testimony of eyewitnesses, shows that Glover, who had just argued with a young woman about an alleged love affair with someone else, approached the victim as he walked down the street and asked him for a cigarette. When the victim said that he did

---

[*] The crime occurred on April 25, 1999, and the grand jury returned an indictment on June 8, 1999. The jury found Glover guilty on November 16, 1999, and the trial court entered the judgment of conviction and sentence on November 19, 1999. The motion for new trial was filed on December 15, 1999, amended on June 2, 2010, and denied on December 17, 2010. Glover filed the notice of appeal on December 29, 2010. The case was docketed in this Court for the April 2012 term and submitted for decision on the briefs.

not have one, Glover began chasing and shooting the unarmed victim. While the victim lay on the ground bleeding, Glover cursed him, continued to shoot him, and kicked him. Glover then fled, and the victim died of seven gunshot wounds from the same gun. Glover later admitted to one of the witnesses that he had shot the victim because he was mad. The evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Glover was guilty of murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Curry v. State*, 283 Ga. 99, 100 (1) (657 SE2d 218) (2008).

2. Glover contends that the trial court erroneously failed to conduct a hearing on his notice of intent to introduce prior acts of violence by the victim against third parties and thus made no ruling as to the admissibility thereof. Uniform Superior Court Rule (USCR) 31.6 (B) requires the trial court to hear and rule on such evidence at a time within its discretion, either before or during trial. *Spencer v. State*, 287 Ga. 434, 437-438 (2) (c) (696 SE2d 617) (2010). However, USCR 31.6 (B) also places on the defendant the burden of proving the admissibility of specific acts of violence by the victim. *Spencer v. State*, supra at 436 (2) (a). Furthermore, "[t]he defendant may present during the trial evidence of only those specific acts of violence by the victim specifically approved by the judge." USCR 31.6 (B). At no time, however, did Glover's trial counsel either request a hearing on the notice of intent under Rule 31.6 or seek to introduce the related evidence at trial. " 'Under our law, counsel must obtain rulings on his motions or objections, and the failure to do so ordinarily results in a waiver.' [Cit.]" *Brown v. State*, 307 Ga. App. 99, 105 (3) (b) (704 SE2d 227) (2010). See also *Overton v. State*, 270 Ga. App. 285, 289 (2) (606 SE2d 306) (2004). Accordingly, we hold that Glover waived his right to the hearing and ruling required by USCR 31.6. Compare *Brown v. State*, supra at 103 (2) (b); *Sheppard v. State*, 294 Ga. App. 270, 273 (3) (669 SE2d 152) (2008) (where similar transaction evidence was subject of State's notice of intent and was admitted without a hearing, defendant bore no burden to initiate USCR 31.3 (B) procedures, and his failure to object to the absence of such procedures did not constitute a waiver).

Glover alternatively contends that trial counsel provided ineffective assistance by failing to offer evidence of the victim's prior acts of violence against third parties.

In order to prevail on this claim, [Glover] must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense. [Cit.] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). . . . To meet the second prong, [Glover] must

show that there is a reasonable probability that, absent any unprofessional errors on counsel's part, the result of his trial would have been different. [Cit.] " 'We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' (Cit.)" [Cit.]

*Cooper v. State*, 279 Ga. 189, 190-191 (2) (612 SE2d 256) (2005). Glover argues that the evidence of the victim's prior violent acts would have corroborated Glover's testimony regarding self-defense that the victim, whom Glover did not know before, approached him aggressively with a knife and that Glover feared for his life. Evidence at the hearing on the motion for new trial showed that the victim had argued with his girlfriend, thrown a brick through her window, and intentionally collided with her son's vehicle. These prior acts involving a domestic disturbance would have been of minimal value in corroborating the theory that the victim threatened a stranger with a knife. Furthermore, the evidence of malice murder and of the absence of any justification, as summarized above in Division 1, was overwhelming. See *Anderson v. State*, 285 Ga. 496, 498 (2) (678 SE2d 84) (2009). Accordingly, assuming that trial counsel's performance was deficient, there was no reasonable probability that the result of the jury trial would have been different even if the evidence Glover now brings forth had been admitted. *Cooper v. State*, supra at 192 (2). Compare *Johnson v. State*, 266 Ga. 380, 383 (2) (467 SE2d 542) (1996).

3. Glover urges that he was denied due process because a hearing on the motion for new trial was not held for over ten years after it was filed even though he asserted his rights during that period of time.

" 'This Court has recognized that substantial delays experienced during the criminal appellate process implicate due process rights.' [Cit.]" *Payne v. State*, 289 Ga. 691, 693 (2) (b) (715 SE2d 104) (2011). In *Chatman v. Mancill*, 280 Ga. 253, 256-257 (2) (a) (626 SE2d 102) (2006), we decided to "assess claims involving appellate delay under the four factor analysis utilized for speedy trial claims set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972) . . . ." *Owens v. State*, 286 Ga. 821, 825 (2) (693 SE2d 490) (2010). "The *Barker* factors include the '(l)ength of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.' [Cit.]" *Loadholt v. State*, 286 Ga. 402, 405 (4) (687 SE2d 824) (2010).

We accept the trial court's determination that the length of the delay in Glover's post-conviction review was excessive. See *Loadholt v. State*, supra (nine years); *Chatman v. Mancill*, supra at 257 (2) (b)

(eight years). With regard to the second *Barker* factor, "[t]he reason for the delay is unclear from the record" and, as the trial court held, "[w]here the record reveals no reason for delay, such delay will be held attributable to the negligence of the State. [Cit.]" *Owens v. State*, supra at 825-826 (2) (b).

Nearly five years after the motion for new trial was filed, Glover wrote two letters to the clerk of the trial court inquiring as to the status of his case. After almost three more years passed, Glover inquired of the clerk whether a hearing on the motion for new trial had been scheduled. After another two years, Glover requested and was appointed new appellate counsel. Thus, "[a]s to the third *Barker* factor, the record reflects that [Glover eventually] took some steps to obtain a swifter resolution of" the motion for new trial. *Chatman v. Mancill*, supra at 259 (2) (d). However, Glover failed "to show that he asserted his appellate rights for much of the more than [ten]-year delay." *Payne v. State*, supra at 694 (2) (b). Nor did he assert that the delay violated his due process rights until new counsel raised the issue in the amended motion for new trial. Compare *Chatman v. Mancill*, supra. Accordingly, Glover's "failure to vigorously assert his appellate rights for several years weighs against him." *Payne v. State*, supra at 695 (2) (b).

> Even assuming that the first three *Barker* factors tend to weigh in [Glover's] favor, we agree with the trial court that [he] failed to show that he was prejudiced by the delay, and that considering all the *Barker* factors together, [his] due process claim must fail.

*Loadholt v. State*, supra at 406 (4). Glover "provides no evidence of prejudice arising from the delay" and "does not advance any argument that the appeal he now pursues has been hampered by the delay in any way. [Cit.]" *Pineda v. State*, 288 Ga. 612, 615 (3) (706 SE2d 407) (2011). Instead, he argues only that the extraordinary delay should raise a presumption of prejudice to his appeal, as well as to his ability to mount a defense on any retrial. However, in determining whether an appellate delay violates due process, prejudice, "unlike in the speedy trial context, is not presumed but must be shown. [Cit.]" *Payne v. State*, supra at 693 (2) (b). Glover " 'has failed to offer the specific evidence required to show that the delay has prejudiced his appeal or that the result of the appeal would have been different but for the delay.' [Cit.]" *Owens v. State*, supra at 827 (2) (d). Moreover, the delay did not prevent Glover from presenting, at the hearing on the motion for new trial, the clear testimony of two witnesses to the victim's prior violent acts toward third persons. As there was nevertheless no

reversible error, there was no prejudice in delaying the appellate process. See *Shank v. State*, 290 Ga. 844, 848 (5) (c) (725 SE2d 246) (2012); *Owens v. State*, supra at 826-827 (2) (d); *Loadholt v. State*, supra.

> Weighing all four *Barker* factors together, we conclude that the delay in resolving [the] motion for new trial did not violate [Glover's] right to due process. "While we do not approve of the delay occasioned here, we (nonetheless find that) the trial court did not abuse its discretion in ruling that [Glover's] due process claim must fail." [Cit.]

*Owens v. State*, supra at 827 (2) (d). See also *Loadholt v. State*, supra. *Judgment affirmed. All the Justices concur.*

DECIDED MAY 29, 2012.

William M. Ermine, *for appellant.*
*Gregory W. Winters, District Attorney, Dorothy V. Hull, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Dana E. Weinberger, Assistant Attorney General, for appellee.*