**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 14, 2013**

# In the Court of Appeals of Georgia

A13A0799 THE STATE v. PATRICIA HILL.

McMILLIAN, Judge.

The State appeals the trial court's order vacating Patricia Hill's plea of guilty to one count of misdemeanor battery and one count of simple battery and entering a plea of no contest in its stead. Because this is not an order from which the State can appeal under OCGA § 5-7-1, the appeal is dismissed.

Hill originally pled guilty to these counts on October 18, 2012, as part of a negotiated plea. In exchange, the State requested, and the trial court entered, an order to nolle prosequi four additional counts of simple battery and one count of simple assault against her. The record shows that the State and Hill initially negotiated the plea to include first offender status with 24 months probation and 48 hours to serve, among other conditions. But after hearing the factual basis from the State and Hill

and holding an unrecorded bench conference with counsel, the trial court sentenced Hill to serve 13 hours, with credit for time served, and closed the case. The State raised no objection at that time.

However, approximately one week later, on October 26, 2012, the trial court held another hearing in which it invited Hill to change her plea from guilty to no contest. The trial judge, acknowledging that she failed to provide Hill first offender treatment in the original sentence, said that she regularly allowed defendants in similar circumstances to enter a no contest plea. The trial judge recognized that Hill was concerned about her record and stated that a no contest plea did not "look quite as bad" and could not "be used for certain other purposes."

The prosecution objected to the trial court's initiating such a procedure, noting that the defendant had made no request to withdraw her plea and had been willing to enter a guilty plea after the trial court rejected the parties' negotiated plea. The prosecutor then stated, "If Your Honor is wishing to reopen the case to allow the entry of a nolo plea, the State would withdraw its motion for a nolle [prosequi] as this is no longer a negotiated plea on the remaining counts, and would ask that Ms. Hill have to enter the plea to the entirety of the accusation as a non-negotiated plea." The trial judge responded by stating that she was allowing the guilty plea to be vacated

2

and replaced with a no contest plea, noting that she is not bound by the terms of the parties' negotiated plea. The trial court, however, did not expressly address the issue of the State's nolle prosequi, and the State did not pursue the issue further.

As its sole argument on appeal, the State asserts the trial court erred by dismissing five counts of Hill's accusation without legal authority. Although the State concedes the trial court had the authority to vacate Hill's guilty plea, it argues that the trial court could not substitute a no contest plea for Hill without re-opening her entire case. The State asserts that it withdrew its motion for nolle prosequi when the trial court changed the plea, and thus, the trial court erred when it did not address those counts of the accusation.

But the order from which the State appeals does not dismiss any counts of the accusation. Rather, those counts had already been dismissed pursuant to the State's request at the original guilty plea hearing on October 18, 2012. See *Buice v. State*, 272 Ga. 323, 324 (528 SE2d 788) (2000) ("[n]olle prosequi is the State's formal action on its decision not to further prosecute"). When the trial court entered an order granting the nolle prosequi that day, the prosecution for those counts of the accusation came to an end. See *State v. Davis*, 196 Ga. App. 785 (397 SE2d 58) (1990).

3

The order at issue in this appeal merely vacates Hills' guilty plea and substitutes a no contest plea in its place, and the State has no right to appeal from such an order. "In OCGA § 5-7-1 (a), the General Assembly has set forth only a limited right of appeal for the State in criminal cases. If the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." (Citations and punctuation omitted.) *State v. Outen*, 289 Ga. 579, 580 (714 SE2d 581) (2011). Nothing in that statute allows the State to appeal directly from an order entering, vacating or substituting a plea. Accordingly, we have no jurisdiction to consider the State's appeal.

Although the State argues that the trial court's failure to reinstate the previously dismissed counts at the time it accepted Hills' no contest plea somehow constituted a dismissal of those counts, thus allowing the State to appeal,[1] the record contains nothing for us to review in that regard. The State made only a conditional motion to withdraw its prior nolle prosequi at the October 26 hearing, stating that it would withdraw the motion if the trial court re-opened the case. Even if we were to interpret the prosecutor's statement as a motion to withdraw, however, the State failed

---

[1] OCGA § 5-7-1 (a) (1) authorizes the State to appeal from an order dismissing an accusation or indictment.

4

to obtain any ruling on such a motion. Thus, pretermitting whether an order denying a motion to withdraw a nolle prosequi could ever constitute an order appealable by the State, the State's failure to obtain a ruling on its motion leaves nothing for this Court to review. See *Glover v. State*, 291 Ga. 152, 153 (2) (728 SE2d 221) (2012) (in Georgia, "counsel must obtain rulings on his motions or objections, and the failure to do so ordinarily results in a waiver") (citations and punctuation omitted).

*Appeal dismissed. Andrews, P. J., and Dillard, J., concur.*