**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 18, 2013**

# In the Court of Appeals of Georgia

A13A0273. JONES v. THE STATE.                           DO-011 C

DOYLE, Presiding Judge.

Following a bench trial, Calvin Jones was convicted of armed robbery[1] for using a knife to steal beer from a gas station. Jones appeals from the denial of his amended motion for new trial, arguing that the trial court erred by rejecting his claim that the six-year delay in the appellate process violated his constitutional due process rights. Because the trial court failed to properly exercise its discretion by addressing the four factors in *Barker v. Wingo*,[2] we vacate and remand.

In May 2005, Jones was indicted with armed robbery and aggravated assault, which indictment accused him of stealing beer from a gas station and stabbing the

---

[1] OCGA § 16-8-41 (a).

[2] 407 U. S. 514 (92 SCt 2182, 33 LE2d 101) (1972).

store clerk with a knife or similar object during his escape. In November 2005, the trial court held a bench trial, finding him guilty of the robbery and acquitting him of the assault, and entered a recidivist conviction on the robbery charge. In December 2005, Jones's trial counsel filed a timely motion for new trial.

In the fall of 2006, Stephen Scarborough of the Office of the Public Defender was assigned to represent Jones on appeal. Around the same time, however, Jones filed a pro se motion for appointment of appellate counsel so that he could assert a claim of ineffective assistance of counsel. That motion was granted in March 2007, but it apparently was not sent to appointed counsel.

In April 2007, Scarborough learned of the order granting Jones's motion, and Scarborough initiated a public defender conflict transfer request form. Two years later, another transfer request form was filled out, but due to funding issues, new counsel was not appointed until February 2010. By that time, trial counsel's original case file had been lost.

In February 2011, newly appointed appellate counsel filed an amended motion for new trial asserting an ineffective assistance claim, challenging the unavailability of a gas station security video reviewed by police, and arguing that Jones's right to appeal had been frustrated because of the lost case file and the time taken to appoint

2

appellate counsel. The trial court held a hearing in June 2011 and denied the motion in December 2011, giving rise to this appeal.

Jones argues that the trial court erred by denying his due process claim based on appellate delay. The Supreme Court of Georgia

> has addressed the proper resolution of claims asserting due process violations based on inordinate appellate delay, and determined that the appropriate analysis is application of the four speedy trial factors set forth in *Barker v. Wingo*, which are the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.[3]

These factors are each to be balanced in an exercise of the trial court's discretion, which we review for abuse.[4] In the *Barker v. Wingo* context, the Supreme Court has noted that "[i]t is imperative, therefore, that in [such] cases . . . the trial court enter findings of fact and conclusions of law consistent with *Barker*. Absent such findings, there is no exercise of discretion for this Court to review."[5]

---

[3] (Citation and punctuation omitted.) *Smith v. State*, 292 Ga. 588, 592 (5) (740 SE2d 129) (2013), citing *Chatman v. Mancill*, 280 Ga. 253, 256 (2) (a) (626 SE2d 102) (2006).

[4] See, e.g., *Glover v. State*, 291 Ga. 152, 156 (3) (728 SE2d 221) (2012) (finding no abuse of discretion by trial court).

[5] *Higgenbottom v. State*, 288 Ga. 429, 430-431 (704 SE2d 786) (2011).

Here, the trial court's order, which was prepared by the State, makes only a cursory analysis of the *Barker* factors. The order first states in conclusory fashion that Jones failed to show that ineffectiveness by appellate counsel was the reason for delay, without attributing the delay to any other cause. It next concludes that Jones "*has not attempted to show* that there is [prejudice] and *therefore this claim is without merit.*"[6] But this is unsupported by the record, which shows that Jones's appellate counsel had explicitly argued to the court in briefing and at the hearing that the delay had caused the loss of his case file, which frustrated his ability to present his ineffective assistance of counsel claim. Thus, the record clearly shows that Jones did attempt to demonstrate prejudice, and the trial court abused its discretion by basing its ruling in part on a finding that he did not.[7]

Further, the order makes no findings whatsoever about the remaining two *Barker* factors – length of the delay and Jones's assertion of his right to a timely appeal – apparently relying on its unsupported finding that Jones made no attempt to

---

[6] (Emphasis supplied.)

[7] In light of the trial court's failure to do so, we make no ruling on the merits of Jones's prejudice argument at this time. We note only that because of Jones's clear argument on the merits, a ruling based on his failure to make an argument is erroneous.

4

show prejudice. But even if the trial court had correctly found that no prejudice existed, "[w]hile a trial court's findings as to the presence or absence of prejudice are important, they cannot alone establish a defendant's . . . speedy [appeal][8] claim without consideration of the other *Barker* criteria."[9] In light of this cursory analysis, "we find the limited findings made by the trial court insufficient to provide for proper appellate review."[10] Accordingly, "[t]he trial court's order is vacated[,] and the case [is] remanded for the entry of a proper order pursuant to *Barker*."[11]

*Judgment vacated and case remanded with direction. McFadden and Boggs, JJ., concur.*

---

[8] We use the term "'speedy appeal' as a convenient label to encompass all claims of inordinate delay that impair a defendant's right of access to the courts in post-conviction proceedings arising out of the direct appeal of non-capital cases." *Chatman*, 280 Ga. at 257, n. 5.

[9] *Higgenbottom*, 288 Ga at 431.

[10] Id.

[11] Id.