**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 16, 2017**

# In the Court of Appeals of Georgia

A16A1525. McCRORY v. THE STATE.

MILLER, Presiding Judge.

Following a jury trial, Paul McCrory was convicted of possession of cocaine (OCGA § 16-13-30 (a)) as a lesser included offense to the charge of possession of cocaine with intent to distribute, and acquitted of the charge of driving without a license (OCGA § 40-5-20 (a)).[1] McCrory appeals from the denial of his motion for new trial, contending that his trial counsel was constitutionally deficient for failing to properly preserve McCrory's challenge to the admissibility of similar transaction evidence. McCrory also contends that the evidence was insufficient to sustain his conviction for cocaine possession. After review, we conclude that the trial court's

---

[1] The trial court entered a directed verdict as to the charge of possession of less than an ounce of marijuana (OCGA § 16-13-2 (b)).

order denying McCrory's motion to suppress was legally insufficient to permit admission of the similar transaction evidence. We therefore vacate the trial court's judgment and remand the case for proceedings consistent with this opinion.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Citation omitted.) *Scarborough v. State*, 317 Ga. App. 523 (731 SE2d 396) (2012). The procedural history of this case is somewhat complex. The appeal before us arises from McCrory's arrest on May 25, 2009. At trial, the State introduced similar transaction evidence of a search ten days earlier, on May 15, that resulted in McCrory's arrest on separate drug charges. McCrory was convicted and sentenced in the instant case, and he subsequently pled guilty to the charges stemming from the May 15 search and arrest.

*(a) The Instant Case*

On May 25, 2009, two officers were dispatched to the intersection of Donald Lee Hollowell and Harwell Road in Fulton County in response to a 911 call. When the officers arrived, they witnessed a white Buick ("the Vehicle") parked diagonally in the middle of Harwell Road with the driver's door open. McCrory was standing approximately five feet from the Vehicle with a baseball bat in his hand. The other

2

man involved in the fight, later identified as Bubba, was standing further down the road, about 100 feet away from the Vehicle. The responding officers never witnessed anyone inside the Vehicle.

McCrory was handcuffed and placed in the back seat of the officers' patrol car. The officers then approached the Vehicle, where they saw a marijuana joint in the ashtray, and some plastic bags often used to package drugs in the passenger-side visor. After searching the center console of the Vehicle, the officers recovered 65 individual bags of crack-cocaine and arrested McCrory. No drugs or drug paraphernalia were found on McCrory's person.

McCrory told the officers that the Vehicle belonged to his girlfriend, and a check of the Vehicle's license plate showed that it was registered to V. S. The officers impounded the Vehicle because it was obstructing traffic, and they arrested McCrory.

*(b) The Similar Transaction*

Ten days prior to his arrest for the charges in this case, McCrory had a separate encounter with police which also resulted in his arrest for possession of cocaine (the "Similar Transaction"). On that occasion, an Atlanta police officer observed a group of men, including McCrory and Bubba, standing outside of a convenience store located on Donald Lee Hollowell Parkway in Fulton County. An unidentified man

3

approached the officer and informed him that McCrory was selling drugs from the Vehicle, which was parked in the convenience store parking lot.

The officer approached McCrory while he was standing next to the Vehicle, and subsequently arrested him for providing a fake name and date of birth. The officer handcuffed McCrory and placed him in the back seat of the patrol car. The officer then ran a tag search on the Vehicle and learned that it was registered to V. S..

While McCrory was handcuffed and under arrest in the backseat of the patrol car, and without reading McCrory his *Miranda*[2] rights, the officer asked McCrory for consent to search the Vehicle. McCrory consented, but said that anything found in the Vehicle did not belong to him. Upon searching the Vehicle, the officer found large quantities of crack-cocaine in the center console. The officer then read McCrory his *Miranda* rights and had the Vehicle impounded.

*(c) Similar Transaction Hearing*

Prior to McCrory's trial in this case, the State properly filed notice of its intent to present evidence of the Similar Transaction which outlined the purposes for which the State intended to use that evidence. McCrory moved to suppress the Similar Transaction evidence on the basis that it resulted from an unconstitutional search.

---

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

Following a hearing,[3] the trial court denied McCrory's motion, finding that the drugs would have been inevitably discovered through the inventory search performed after the Vehicle was impounded.[4]

*(d) McCrory's Motion for New Trial*

Following his conviction in the instant case for the lesser included offense of possession of cocaine, McCrory filed a motion for new trial, arguing that the trial court erred in admitting evidence of the Similar Transaction, that the evidence was insufficient to sustain his conviction, and that his trial counsel was deficient for failing to properly preserve his objection to the Similar Transaction Evidence. The trial court denied McCrory's motion for new trial, and he appeals from that denial.

On appeal, as they did in the trial court, the parties focus their arguments on the constitutionality of the search in the Similar Transaction without framing their arguments in the context of the mandatory test which the trial court was required to

---

[3] The Similar Transaction hearing was actually docketed in the criminal prosecution resulting from the Similar Transaction arrest. At McCrory's request, the appellate record was supplemented to include the hearing transcript, and the State agrees that this hearing is properly considered as part of this appeal.

[4] At trial, defense counsel failed to renew McCrory's objection to the introduction of the Similar Transaction evidence as was required at that time. *Dixon v. State*, 285 Ga. 312, 317 (4) (677 SE2d 76) (2009), overruled by *Whitehead v. State*, 287 Ga. 242 (695 SE2d 255) (2010).

perform prior to admission of the Similar Transaction into evidence. Nonetheless, we reach McCrory's argument on appeal because we find that his argument in the trial court, though inartful, sufficiently challenged the State's ability to legally establish evidence that McCrory committed the Similar Transaction.

At the time of McCrory's trial in 2009,

Uniform Superior Court Rule 31.3 (B) prohibit[ed] the State from introducing evidence of similar transactions or occurrences unless specifically approved by the judge. [Rule 31.3 (B) required the State to] provide the defense with written notice and specified information and documents, and the judge [to] hold a hearing . . . out of the presence of the jury.

(Punctuation and footnote omitted.) *Moore v. State*, 290 Ga. 805, 807 (2) (725 SE2d 290) (2012). (Citation and punctuation omitted.) The State and the trial court bear the burden of ensuring compliance with Rule 31.3 (B) and a defendant's failure to object to non-compliance with the rule will not waive the issue on appeal. Id.; *Sheppard v. State*, 294 Ga. App. 270 (669 SE2d 152) (2008).

Specifically, under the old Evidence Code,[5] the State had to show that it sought

---

[5] We note that this case was tried under Georgia's old Evidence Code as it was tried prior to January 1, 2013. *Humphrey v. Williams*, 295 Ga. 536, 540 (1) (b) (n.2) (761 SE2d 297) (2014). Under our new Evidence Code, the admissibility of similar

6

to introduce the evidence for an appropriate purpose, deemed to be an exception to the general rule of inadmissibility; that there was sufficient evidence to establish that the accused committed the independent transaction; and that there was a sufficient connection or similarity between such transaction and the charged crime so that proof of the former tended to prove the latter.

(Citation omitted.) *Williams v. State*, 300 Ga. 218, *9-10 (794 SE2d 157) (2016). Moreover, the trial court was required to make each of these three findings on the record prior to admitting the similar transaction evidence. Id. Here, the trial court failed to make any of these findings.

The trial court did not enter a written order concerning admission of the Similar Transaction, and its oral order admitting the Similar Transaction did not include any of the requisite factual findings. Indeed, the parties never argued about whether the State possessed a proper purpose for admission of the evidence, or whether the two offenses were sufficiently connected or similar. Moreover, the State provided no testimony at this hearing concerning the facts of this case. Because the record is devoid of the mandated factual findings, the trial court erred.

---

transactions is governed by OCGA § 24-4-404 (b). Id.

7

The failure to comply with Rule 31.3 (B) is subject to harmless error review, meaning that admission of the Similar Transaction did not measurably contribute to the jury's guilty verdict. *Moore*, supra, 290 Ga. at 809 (2); *Sheppard*, supra, 294 Ga. App. at 270. In a case such as this, in which the evidence against the defendant is wholly circumstantial, we cannot say that the trial court's failure to make these mandatory findings was harmless.

McCrory was convicted by a jury for possession of cocaine for the May 25, 2009 incident.

> Possession of contraband may be joint or exclusive, and actual or constructive . . . A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it.

(Citation, punctuation, and footnote omitted.) *Herberman v. State*, 287 Ga. App. 635, 637 (1) (653 SE2d 74) (2007).

> When determining whether the defendant knowingly had both the power and intention at a given time to exercise dominion over drugs, the jury may infer the defendant's power from his or her access to the drugs, while [the jury] may look to the surrounding circumstances to determine whether the defendant had the requisite intention.

8

(Citation and punctuation omitted.) *Price v. State*, 303 Ga. App. 859, 866 (4) (b) (694 SE2d 712) (2010).

Here, the State could not establish that McCrory had actual possession of the cocaine found in the Vehicle on May 25. McCrory had no drugs on his person at the time of arrest, was not the owner of the Vehicle, and was not in possession of the vehicle.[6] See *Blankenship v. State*, 301 Ga. App. 602, 603 (1) (b) (688 SE2d 395) (2009). Further, the State did not establish McCrory's actual possession of the drugs as a result of being the driver. The State presented no direct evidence that McCrory was the driver because he was not found inside the Vehicle. The circumstantial evidence showed only that McCrory was in the proximity of the Vehicle and the Vehicle belonged to his girlfriend. However, "[t]o warrant a conviction [for actual possession of cocaine] on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." *Drammeh v. State*, 285 Ga. App. 545, 547 (646 SE2d 742) (2007). The evidence presented by the State could not

---

[6] The State argued at trial and on appeal that V. S.'s testimony was equivocal about who she left the Vehicle with, however, a review of her testimony makes clear that she testified she left the Vehicle in Bubba's possession while she was out of town.

exclude every other reasonable hypothesis about the identity of the driver of the Vehicle because there was also evidence that Bubba - the man given control of the Vehicle by its owner - was also at the scene. Consequently, to sustain McCrory's conviction, the State had to establish McCrory's constructive possession of the cocaine.

"A finding of constructive possession of contraband cannot rest upon mere spatial proximity to the contraband, especially where, as here, the contraband is hidden." (Citations omitted.) *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997). To sustain a conviction against him, there must be something which linked McCrory to the drugs other than his mere presence at the scene of a crime. *Young v. State*, 242 Ga. App. 681, 683 (1) (530 SE2d 758) (2000) (finding gun and drugs together established necessary link); *Noble v. State*, 225 Ga. App. 470, 471 (484 SE2d 78) (1997) (drugs found inside of the pillowcase of a pillow lying on top of defendant's gun established link); *Jackson v. State*, 216 Ga. App. 842, 844 (1) (456 SE2d 229) (1995) (drugs found on floorboard next to beer can connected to defendant established link).

Here, the only evidence offered by the State which linked McCrory to the drugs, other than his proximity to them, was the Similar Transaction evidence. As a

10

result, the introduction of this evidence, without following the mandatory procedure of Rule 31.3 (B), was not harmless error because this evidence "measurably contributed to the jury's verdict." See *Sheppard*, supra, 294 Ga. App. at 273 (3).

We therefore vacate the trial court's judgment of conviction and remand this case for further proceedings. On remand, the trial court can determine if the State established all three necessary elements for introduction of the Similar Transaction evidence under the old Evidence Code based on the record as it stands, or the trial court can hold a similar transaction hearing if one is necessary to make this determination. *Moore*, supra, 290 Ga. at 809-810 (2); see also *Sheppard*, supra, 294 Ga. App. at 273-274 (3). If the trial court determines that the evidence meets the standard to admit the Similar Transaction and enters these findings on the record, a new trial is not required and the trial court may re-enter its judgment of conviction against McCrory. *Moore*, supra, 290 Ga. at 809-810 (2); see also *Sheppard*, supra, 294 Ga. App. at 273-274 (3). Should this happen, McCrory may take an appeal from that judgment in accordance with OCGA §§ 5-6-37 and 5-6-38. *Moore*, supra, 290 Ga. at 810. If, however, the trial court determines that the evidence did not meet the standard prescribed by the old Evidence Code, a new trial will be required and the trial court will need to determine whether the Similar Transaction is admissible in that

11

trial pursuant to the new Evidence Code – OCGA § 24-4-404 (b). See *Humphrey*, supra, 295 Ga. at 540 (1) (b) (n.2); *Moore*, supra, 290 Ga. at 809-810 (2). We further conclude that the admitted evidence, including the Similar Transaction evidence, is sufficient to support McCrory's conviction and therefore, the State may retry him should that be necessary on remand. *Green v. State*, 291 Ga. 287, 289 (1) (728 SE2d 668) (2012). ("[I]n determining the sufficiency of the evidence, we consider all of the evidence admitted by the trial court, regardless of whether it was erroneously admitted.").

*Judgment vacated and case remanded with direction. McFadden, P.J., concurs fully and specially. McMillian, J., concurs specially*.

A16A1525. McCRORY v. THE STATE.

McFADDEN, Presiding Judge, concurring fully and specially.

I write separately to explain that the majority's holding that "the State could not establish that McCrory had actual possession of the cocaine found in the Vehicle on May 25," when properly read in context, means only that the prosecution did not establish actual possession as a matter of law. So I agree with Judge McMillian that the law of the case as established by this opinion does not decide the issue of actual possession.

A16A1525. McCRORY v. THE STATE.


McMILLIAN, Judge, concurring specially.

I agree that the judgment should be vacated and the case remanded for further proceedings as set out in the majority opinion. However, I disagree with the majority's analysis of why admission of the Similar Transaction without the appropriate findings by the trial judge was potentially harmful error.[1]

Although the majority ultimately and properly concludes that this evidence taken together was sufficient to authorize McCrory's conviction, thus permitting retrial should that be necessary on remand, the majority errs by unequivocally stating

_____

[1] Because I do not agree with all that is said in the majority opinion, that opinion is nonbinding physical precedent. See Court of Appeals Rule 33 (a).

that "the State could not establish that McCrory had actual possession of the cocaine found in the Vehicle on May 25." Because this statement is inconsistent with the majority's conclusion on sufficiency and is unnecessary to the analysis, I write separately to clarify that should a retrial be required, the issue of whether McCrory had actual or constructive possession of the cocaine has not been decided by this Court and should not be considered law of the case. See OCGA § 9-11-60 (h) ("any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be").

Construed to support the jury's verdict, the evidence shows that when police arrived on the scene of the altercation, they observed McCrory standing in the street with a baseball bat shouting at another man who was "quite a distance" farther away. When the officers dispatched to the scene first observed McCrory, he was located approximately five feet from the driver's side of a white car, which was also sitting in the middle of the street. The car door was "wide open," the keys were in the ignition, and a partially rolled marijuana joint was sitting in plain view in the ashtray. After the officer saw the marijuana joint, he looked up and observed bags used to package drugs in the sun visor, and a search revealed 65 plastic bags containing 130

2

hits of crack cocaine in the console arm rest between the front seats. And the vehicle in question belonged to McCrory's girlfriend. This circumstantial evidence, as well as other evidence presented at trial, including the similar transaction evidence, was sufficient to authorize McCrory's conviction of possession of cocaine. See, e.g., *Williams v. State*, 298 Ga. 208, 213 (2) (a) (779 SE2d 304) (2015) (circumstantial evidence coupled with other evidence sufficient); *Taylor v. State*, 305 Ga. App. 748, 751-52 (1) (700 SE2d 841) (2010) (circumstantial evidence along with other evidence such as similar transaction evidence sufficient). However, in light of the circumstantial nature of the State's case, I cannot say that the trial court's error in failing to make the necessary findings was harmless. See *Moore v. State*, 290 Ga. 805, 809 (2) (725 SE2d 290) (2012).