**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 24, 2020**

# In the Court of Appeals of Georgia

A20A1296. MIZE v. THE STATE.

RICKMAN, Judge.

Following a jury trial, Eric Mize was convicted of rape, kidnapping with bodily injury, aggravated sodomy, and aggravated assault. On appeal, Mize contends that the trial court erred by denying his motion for new trial because he was prejudiced by the over 10 year delay in the appellate process. For the following reasons, we vacate the denial of Mize's motion for new trial and remand the case for proceedings consistent with this opinion.

In May 2007, Mize was indicted for one count of rape, two counts of kidnapping with bodily injury, one count of aggravated sodomy, one count of aggravated battery, and one count of aggravated assault. In August 2009, Mize was convicted of rape, kidnapping with bodily injury, aggravated sodomy, and aggravated

assault.[1] Less than a month after his convictions, Mize filed a timely motion for new trial.

In February 2019, the trial court issued an order stating that,

[o]n September 16, 2009 [Mize] filed a Motion for New Trial in the captioned matter. To date that Motion has not been heard, either because the parties were waiting for transcripts, counsel did not schedule a hearing or [M]ize chose not to pursue any post-conviction action. Whatever the reason for the delay, the Motion remains in a "pending" status and needs to be resolved.

The order set both a scheduling conference and a date for a hearing on Mize's motion for new trial. In December 2019, following a hearing, the trial court denied Mize's motion for new trial.

Mize contends that the trial court erred by denying his motion for new trial because he was prejudiced by the over 10 year delay in the appellate process.

Our Supreme Court

has addressed the proper resolution of claims asserting due process violations based on inordinate appellate delay, and determined that the

---

[1] Mize was also found guilty of another count of kidnapping with bodily injury but that conviction merged with his conviction on the other count of kidnapping with bodily injury for the purposes of sentencing. After the close of the evidence, the trial court granted a directed verdict of acquittal for the one of count aggravated battery.

appropriate analysis is application of the four speedy trial factors set forth in *Barker v. Wingo*, [407 U. S. 514 (92 SCt 2182, 33 LE2d 101) (1972)] which are the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

(Citation and punctuation omitted.) *Jones v. State*, 322 Ga. App. 310, 311 (744 SE2d 830) (2013). "These factors are each to be balanced in an exercise of the trial court's discretion, which we review for abuse." (Citation and punctuation omitted.) Id. "In the *Barker v. Wingo* context, the Supreme Court has noted that it is imperative, therefore, that in such cases the trial court enter findings of fact and conclusions of law consistent with *Barker*. Absent such findings, there is no exercise of discretion for this Court to review." (Citation and punctuation omitted.) Id.

Here, the trial court's order lists the *Barker* factors and finds that the length of the delay was excessive, that the reason for delay was not clear, and that "there is no evidence [Mize] did much if anything to assert his appellate rights during the ten year delay." As to the prejudice prong, the trial court stated that "[Mize] has provided no evidence of prejudice resulting from the delay." The trial court concluded that "[c]onsidering all four factors together, it does not appear that [Mize's] due process rights were violated[.]"

3

The trial court's finding that Mize provided no evidence of prejudice resulting from the delay is not supported by the record. Mize presented evidence before the trial court that his trial counsel had been suspended, disbarred, and then died during the delay in hearing his motion for new trial. The trial court did not address this evidence at all, but noted when denying Mize's ineffective assistance of counsel claims that "[w]ithout the benefit of trial counsel's testimony concerning his actions during his representation of [Mize], it is very difficult for th[e] presumption [that counsel's representation was within the wide range of reasonable professional assistance] to be overcome." We cannot reconcile the trial court's finding that Mize presented no evidence to support his appellate delay claim with the trial court's implicit finding that he was somewhat harmed by the lack of testimony by his trial counsel when analyzing his ineffective assistance of counsel claim.

"[T]he record clearly shows that [Mize] did attempt to demonstrate prejudice, and the trial court abused its discretion by basing its ruling in part on a finding that he did not." *Jones*, 322 Ga. App. at 312.[2] Accordingly, we vacate the trial court's

---

[2] We are making no comment on whether Mize actually suffered prejudice from the appellate delay, we are only recognizing that the trial court's finding that he failed to present specific evidence of prejudice was belied by the record.

4

order denying Mize's motion for new trial and remand this case for the trial court to reconsider the *Barker* factors. See id.

*Judgment vacated; case remanded. Dillard, P. J., and Brown, J., concur.*